STATE OF WEST VIRGINIA *ex rel.*

CHARLES W. PEACHER, JR.

*v.*

VANCE E. SENCINDIVER, *judge*

PIERRE E. DOSTERT, *judge*

HOWARD W. WILT, *sheriff*,

*respondents*

(No. 13835)

Decided April 5, 1977.

*Radosh & Askin, Steven M. Askin*, for relator.

*Robert R. Skinner*, Prosecuting Attorney, for respondents.

HARSHBARGER, JUSTICE:

Petitioner Charles W. Peacher, Jr. was arrested June 30, 1976 and indicted in Jefferson County on September 21, 1976 for murder and burglary.

He was examined by four psychiatrists, two, separately, in the Jefferson County jail, and two at Weston State Hospital.

The Weston examination was court-ordered and made in December, 1976. The psychiatrists reported on January 3, 1977 that defendant was competent to stand trial but they recommended, "A further neurological examination, EEG, and brain scan, neurological examination to rule out organic-pathology as a result of heavy drug usage."

The other psychiatrists also opined that Peacher was competent to be tried. None could give an opinion about his criminal responsibility at the time he allegedly committed the crimes.

On January 19, 1977 petitioner moved the trial court for a continuance of the case, which was docketed for trial on February 8, to allow the neurological examination to be conducted. The court denied the motion and this Court issued a rule to the trial court, the prosecuting attorney and the sheriff to show cause why prohibition should not issue. The matter was argued March 1, 1977.

The question is whether prohibition should issue to prevent trial of defendant Peacher until he has the neurological examination.

*W. Va. Code* 53-1-1 provides, "The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers."

"But it does not lie for errors or grievances which may be redressed in the ordinary course of judicial proceed-

ings, by appeal or writ of error." *County Court v. Boreman,* 34 W. Va. 362, 366, 12 S.E. 490, 492 (1890).

We cannot issue prohibition when the action of the trial court could be attacked as an abuse of discretion; and granting continuance has always been held by us to be discretionary. *State v. Milam,* ___ W. Va. ___, 226 S.E.2d 433 (1976).

Petitioner also prayed that the writ be granted to prohibit his trial for murder and burglary because our murder statute, *W. Va. Code,* 61-2-1, is unconstitutional, violating his due process rights.

He cites *Mullaney v. Wilbur,* 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975), and *State v. Penfry,* ___ W. Va. ___, 227 S. E. 2d 210 (1976), arguing that an impermissible inference of malice, willfulness, and premeditation is raised by the statute, creating a presumption of these elements that defendant must disprove to avoid a first degree murder conviction. *W. Va. Code* 61-2-1 states in part:

> "Murder by poison, lying in wait, imprisonment, starving, or by any wilful, deliberate and premeditated killing, or in the commission of, or attempt to commit, arson, rape, robbery or burglary, is murder of the first degree. All other murder is murder of the second degree."

In *Mullaney v. Wilbur, supra,* the United States Supreme Court examined Maine's rule requiring a defendant charged with murder to prove, in order to reduce his offense to manslaughter, that he acted in the heat of passion on sudden provocation. The Court found the rule to violate the requirement of the due process clause of the Fourteenth Amendment that the *prosecution* prove every element necessary to constitute the crime charged. Maine law created a presumption of murder and shifted the burden of proof for reducing the crime to manslaughter, to the defendant.

The felony-murder rule has been considered by this court on several occasions prior to *Mullaney.* While the

validity of its application has been challenged, its underlying constitutionality has been presumed. In *State v. Williams*, 98 W. Va. 458, 127 S.E. 320 (1925), we held that a conviction for first degree murder, when the murder occurred during the commission of a robbery, may be had without proof of previous intent to kill, and without showing deliberation, willfulness, or premeditation. We decided that the trial court did not err when it refused to instruct the jury that the State has the burden of proving malice. *See also, Ford v. Coiner*, 156 W. Va. 362, 196 S.E.2d 91 (1972); *State v. Lewis*, 133 W. Va. 584, 57 S.E.2d 513 (1949); and *State v. Beale*, 104 W. Va. 617, 141 S.E. 7 (1927). In *State v. Bragg*, 140 W. Va. 585, 600, 87 S.E.2d 689, 699 (1955), the Court examined the three statutory definitions of first degree murder. ". . . [T]his case was prosecuted on the theory that the defendant shot and killed Gullett in the commission of a robbery, [and] the question whether the killing was a 'wilful, deliberate and premeditated' killing under *W. Va. Code*, 61-2-1, does not enter into this case."

Petitioner cites several cases from other jurisdictions for the proposition that *Mullaney* has somehow affected the legality of the felony-murder rule. In none of these cases, however, did a court hold that application of the felony-murder rule denied a defendant due process. *See, State v. Goodseal*, 220 Kan. 487, 553 P.2d 279 (1976); *State v. Swift*, 290 N.C. 383, 226 S.E.2d 652 (1976); and *Warren v. State*, 29 Md.App. 560, 350 A.2d 173 (Ct.Spec.App. 1976). In *Warren*, the court observed that felony-murder statutes are not remotely affected by anything in *Mullaney v. Wilbur*.

Under our felony-murder statute, there is no shift of burden of proof. The crime of first degree murder is proved by the prosecution when it proves the defendant's commission of, or attempt to commit one of the enumerated felonies, and when it proves the accompanying murder.

*Writ denied.*