655 S.E.2d 137

**STATE of West Virginia ex rel. Lynn A. NELSON, Prosecuting Attorney of Mineral County, West Virginia, Petitioner,**

v.

**The Honorable Andrew N. FRYE, Jr., Judge, 21st Judicial Circuit, Respondent.**

**No. 33499.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 23, 2007.

Decided Nov. 8, 2007.

---

Lynn A. Nelson, Prosecuting Attorney, Keyser, WV, pro se.

Andrew N. Frye, Jr., Judge, Keyser, WV, pro se.

Chad B. Cissel, Barr Sites & Cissel, Keyser, WV, for the Defendant, James W. Butler, Jr.

The Opinion of the Court was delivered PER CURIAM.

The State seeks a writ of prohibition to prevent The Honorable Andrew Frye of Min-

eral County from dismissing a charge of negligent homicide brought by the State against the defendant, James Butler (hereinafter "Mr. Butler"). The State alleges that the trial court exceeded its legitimate powers by dismissing the charge prior to the presentation of evidence to a jury. Subsequent to thorough review of the briefs, arguments of counsel, and applicable precedent, this Court denies the requested writ of prohibition.

## I. Factual and Procedural History

On March 31, 2006, Mr. Butler was operating a tractor trailer carrying a load of pine logs in Mineral County, West Virginia. As the vehicle rounded a sharp curve, the trailer rolled and ejected the load of logs, striking a passenger vehicle and fatally injuring its driver, Ms. Melissa Ann Pennington. Mr. Butler was indicted by the Grand Jury of Mineral County in January 2007 for one count of negligent homicide. In response, Mr. Butler filed a motion to dismiss based upon this Court's decision in *State v. Green*, 220 W.Va. 300, 647 S.E.2d 736 (2007). The lower court found that the facts alleged by the State were insufficient as a matter of law to sustain a conviction for negligent homicide, and the case was dismissed. The State now seeks a writ of prohibition to prevent the dismissal.

The State's evidence in the present case consisted of a Sheriffs Department investigation which included an interview with a witness who stated that he observed Mr. Butler's vehicle traveling 70 to 75 miles per hour prior to the time at which Mr. Butler began to navigate the turn in which the accident occurred. The posted speed limit was 55 miles per hour, and the curve had a posted advisory speed of 25 miles per hour.

Mr. Butler indicated to the investigating officer that he was traveling 35 to 40 miles per hour, and the traffic reconstruction report concluded that the drag factor of the roadway and the average pull force indicated that Mr. Butler was traveling between 32–41 miles per hour, at a minimum. The officer completing the reconstruction report indicat-

ed his opinion "that Mr. Butler was operating his vehicle in an unsafe manner by exceeding the advisory speed limit. Due to the size and weight of Mr. Butler's vehicle, Mr. Butler should have operated the vehicle within the advisory speed limit."

The State also asserts that the load of logs may have been improperly loaded; yet, the State presents no evidence indicating that its hypothesis might be correct. The State was provided with ample opportunity during oral argument to reference any evidence it could produce to a jury. The State was unable to present any evidence in addition to that referenced above.

## II. Standard of Review

This Court has addressed the standard of review applicable to a writ of prohibition, explaining that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W.Va.Code* 53–1–1." Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977). "The writ [of prohibition] lies as a matter of right whenever the inferior court (a) has not jurisdiction or (b) has jurisdiction but exceeds its legitimate powers and it matters not if the aggrieved party has some other remedy adequate or inadequate." *State ex rel. Valley Distributors, Inc. v. Oakley*, 153 W.Va. 94, 99, 168 S.E.2d 532, 535 (1969).[1]

Moreover, in syllabus point four of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996), this Court explained:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or

---

1. West Virginia Code § 53–1–1 (1923) (Repl.Vol. 2000) provides as follows:

The writ of prohibition shall lie as a matter of right in all cases· of usurpation and abuse of

power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers.

prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

"In determining the third factor, the existence of clear error as a matter of law, we will employ a *de novo* standard of review, as in matters in which purely legal issues are at issue." *State ex rel Gessler v. Mazzone*, 212 W.Va. 368, 372, 572 S.E.2d 891, 895 (2002). This Court also explained as follows in syllabus point one of *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979):

> In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

Utilizing those standards of review, we examine the State's request for a writ of prohibition.

## III.   Discussion

■ The State contends the trial court erred in dismissing the charges against Mr. Butler for insufficient evidence. On the contrary, Mr. Butler contends that the lower court was correct in finding that the State possessed insufficient evidence to demonstrate that he committed the act of negligent homicide. Mr. Butler was charged with negligent homicide, in violation of West Virginia Code § 17C–5–1 (1979) (Repl.Vol.2004). In syllabus point two of *State v. Vollmer*, 163 W.Va. 711, 259 S.E.2d 837 (1979), this Court explained that "[o]ur negligent homicide statute, W.Va.Code, 17C–5–1, requires the driving of '[a] vehicle in reckless disregard of the safety of others,' and this means that more than negligence is required. It is compatible with the involuntary manslaughter standard set in *State v. Lawson*, 128 W.Va. 136, 36 S.E.2d 26 (1945)."

■ This Court examined the evidentiary requirements necessary to substantiate a conviction for negligent homicide in *Green* and held as follows in syllabus point five: "A conviction for negligent homicide must not be premised solely upon the violation of a traffic statute unless the underlying act which constitutes the violation or accompanying circumstances evidence a reckless disregard for the safety of others, characterized by negligence so gross, wanton, and culpable as to show a reckless disregard for human life."

The *Green* Court explained:

> While it is clear that there are certain situations in which the act which is in violation of a traffic statute may form the basis for a negligent homicide prosecution, such situations would be limited to those in which the act constituting the violation *also* evidences negligence so gross, wanton, and culpable as to show a reckless disregard for human life.

*Id.* at 310, 647 S.E.2d at 746.

In the present case, the State was provided with adequate opportunity during oral argument to assert any additional facts which might bear upon the dismissal of this case prior to presentation to a jury. As explained above, the evidence in this case is quite limited, and the State was unable to specify any evidence, other than the alleged excessive speed, which would indicate disregard for the safety of others so gross, wanton, and culpable as to show a reckless disregard for human life. In this Court's review of the lower

court's determination in this request for a writ of prohibition, we must remain cognizant of the fact that a writ of prohibition will not issue to prevent a simple abuse of discretion. Additionally, as this Court stated in *Hoover*, quoted above, this Court must determine whether the lower tribunal's order is clearly erroneous as a matter of law. That factor must be given substantial weight in the analysis of whether to grant a writ of prohibition.

■ Examining the evidence in a light most favorable to the State, this Court agrees with the conclusion of the lower court that the evidence, as accumulated by the State, is insufficient to support a conviction for negligent homicide. In so finding, this Court recognizes that the State is entitled to every reasonable inference to be drawn from the evidence. Viewed in a light most favorable to the State, the evidence in this case could establish that Mr. Butler, while attempting to navigate a turn in his tractor trailer, was operating the vehicle at a speed in excess of the recommended speed, but not over the lawful speed limit for the highway. The evidence would further support a finding that the load of logs attached to Mr. Butler's tractor trailer shifted during the course of the turn, causing the logs truck to overturn and propel the logs into oncoming traffic. Ms. Pennington was killed when she was struck by the logs.

The evidence, however, would not support a finding that the load of logs was improperly secured or that any act or omission of Mr. Butler constituted more than ordinary negligence. In the view of this Court, there is nothing in the evidence to be presented by the State which would constitute "negligence so gross, wanton, and culpable as to show a reckless disregard for human life." *Green*, 220 W.Va. at 311, 647 S.E.2d at 747. There is evidence of a traffic violation. Though Mr. Butler's act resulted in tragic consequences,[2] his failure to heed the posted speed suggestion, without more, does not constitute criminally negligent homicide.[3]

Further, in response to the State's contention that the dismissal should not have been with prejudice, this Court finds no error by the lower court. Where evidence is insufficient to sustain a conviction, presentment of the evidence by the State a second time would be improper, and dismissal with prejudice was appropriate.

Although we do not grant the State's requested writ of prohibition in this case, we recognize that the manner of resolution most typically appropriate in such situations would be the entertainment of a defendant's motion for judgment of acquittal after the presentation of the evidence by the State. In this fashion, the State's ability to present adequate evidence would be completely examined, and the court would be assured that the available evidence had been fully submitted for consideration. The evidence at that juncture would obviously also be "viewed in light most favorable to prosecution." *State v. West*, 153 W.Va. 325, 333, 168 S.E.2d 716, 721 (1969). This Court also explained in *West* that "[i]t is not necessary in appraising its sufficiency that the trial court or reviewing court be convinced beyond a reasonable doubt of the guilt of the defendant; the question is whether there is substantial evidence upon which a jury might justifiably find the defendant guilty beyond a reasonable doubt." *Id.* at 333–34, 168 S.E.2d at 721; *see also State v. Taylor*, 200 W.Va. 661, 490 S.E.2d 748 (1997); *State v. Fischer*, 158 W.Va. 72, 211 S.E.2d 666 (1974).

For the foregoing reasons, we conclude that the Circuit Court of Mineral County did not abuse its legitimate powers by granting Mr. Butler's motion to dismiss. Consequently, the writ of prohibition is denied.

Writ denied.

---

**2.** As this Court explained in *Green*, "We are also mindful that the result of the collision was disastrous, capable of giving rise to fully understandable outrage in a community properly grieving the resulting deaths. However, our inquiry here must focus on the character of the Appellant's acts and omissions which produced these horrible results." 220 W.Va. at 311, 647 S.E.2d at 747.

**3.** Pursuit of this matter in the civil context is entirely appropriate, and, according to the representations of the State at oral argument, a civil action was filed and has been settled.