**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**June 13, 2013**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia ex rel. Steven O. Dale, Acting
Commissioner, West Virginia Division
of Motor Vehicles, Petitioner**

**vs.)  No. 12-1253** (Pocahontas County 12-AA-02)

**Joseph C. Pomponio Jr., Judge of the
Circuit Court of Pocahontas County, and Erik
T. Larson, Respondents**

### MEMORANDUM DECISION

The petitioner, Steven O. Dale,[1] through his counsel, Patrick Morrisey, Attorney General, and Elaine L. Skorich, Assistant Attorney General, appear before this Court seeking a writ of prohibition to stop an appeal of the revocation of the respondent's driver's license.  The respondent Erik T. Larson, through his counsel, John D. Wooton, Jr., filed a response to the petition for writ of prohibition. The respondent judge, Joseph C. Pomponio, Jr., filed a summary response to the petition.

The Court has considered the parties' briefs, the record on appeal, as well as the arguments of the parties. The facts and legal arguments are adequately presented therein. Upon consideration of the standard of review, the briefs, the record presented, and the aforementioned arguments, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

The underlying material procedural facts are not in dispute. The petitioner, Steven O. Dale, is the executive officer of the West Virginia Department of Motor Vehicles. One of his duties is to issue orders revoking the driving privileges of drivers who have been arrested for driving under the influence of alcohol.  In the instant case, the respondent, who is not a West Virginia resident, was arrested for driving under the influence and the petitioner subsequently revoked his driving privileges.  Respondent Larson requested an administrative hearing pursuant to W. Va. Code § 17B-3-6(d) (2009). After that hearing, on March 15, 2012, the petitioner revoked the respondent's driving privileges. The circuit

---

[1] Pursuant to Rule 41(c) of the West Virginia Rules of Appellant Procedure, this Court has substituted the Petitioner's name with Steven O. Dale, Acting Commissioner of the West Virginia Division of Motor Vehicles.

court found that the respondent received this notice of revocation on March 17, 2012. The respondent then filed an action in the Circuit Court of Pocahontas County seeking administrative review of the license suspension pursuant to W. Va. Code 29A-5-4 (1998).[2]

The date of the filing of this action is at the heart of this proceeding, as it is the contention of the petitioner that the petition for appeal was untimely filed. W. Va. Code § 29A-5-4 requires the petition for administrative review to be filed no later than 30 days after receipt of the revocation order. The statute states that the petition shall be filed "in either the circuit court of Kanawha County, West Virginia or in the circuit court of the county in which the petitioner or any one of the petitioners resides or does business, or with the judge thereof in vacation. Rule 2 of the West Virginia Rules of Administrative Procedure also speaks to filing, requiring that the petition for appeal be filed "in the office of the circuit clerk for the circuit court in which venue lies by law."

The petitioner moved to dismiss the appeal for being filed outside of the time requirements contained in both the rule and the statute.[3] He argued in a motion to dismiss the proceeding that the date of filing of the action was on April 26, 2012, the date affixed by stamp by the Clerk of the Circuit Court of Pocahontas County. The respondent argued however that the actual date of filing was April 13, 2012, because he had sent on that date a facsimile transmission of the petition for administrative review. The respondent argued that the package was received by the circuit judge prior to the date marked for filing.

After a hearing, the circuit court found that the respondent Larson, through his counsel, faxed a petition for appeal to the Clerk of the Circuit Court of Pocahontas County. At the same time, counsel for the respondent deposited the original petition, as well as the required filing fee, into the U.S. Mail, addressed to the respondent judge at the Pocahontas County Courthouse.

The circuit court found that the faxed copy of the petition for appeal was not filed as an original because the filing fee had not been paid. However, when the respondent judge was at the Pocahontas County Courthouse, he retrieved the original petition as well as the payment for the filing fee and forwarded these documents to the Clerk of the Circuit Court of Pocahontas County. On April 26, 2012, the clerk's office marked the documents as having been filed.

---

[2] The petitioner also filed an appeal in the Circuit Court of Kanawha County on May 1, 2012. This appeal was dismissed on July 27, 2012, as having been untimely filed.

[3] The petitioner also presented additional grounds for dismissal, none of which was granted or pertinent to this appeal.

In an order following the hearing on the motion to dismiss filed by the petitioner, the Circuit Court of Pocahontas County directed that the appeal go forward. In this order, the respondent judge found that W. Va. Code § 29A-5-4 does not specifically limit the location of filing to the circuit clerk's office, by stating that the administrative appeal must be filed in the circuit court. The order also changed the date of the filing from April 26, 2012, the date originally stamped by the clerk's office, to April 13, 2012. The circuit court concluded that the appeal was timely filed and should proceed.

The petitioner filed this original proceeding to challenge the order of the court allowing the appeal to go forward. The petitioner argues that the filing of any administrative appeal must be in the Circuit Clerk's office, pursuant to Rule 2 of the West Virginia Rules of Administrative Appeals.

The requirements for issuance of a writ of prohibition are well-established in this Court as follows:

> A writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, which the inferior court has no jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers.

W. Va. Code § 53-1-1. In addition, a writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W. Va. Code § 53-1-1. Syl. pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 426 (1977).

> Finally, [i]n determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue.

Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996).

Prohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for writ of error, appeal or certiorari.

Syl. pt. 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953).

The statute authorizing administrative review of this case states that the petition should be filed in the circuit court. In resolving this dilemma, the circuit court used its discretion to find that the date on which the respondent electronically transmitted the petition for appeal to the circuit clerk's office should be the date of filing. The circuit court accepted the respondent's evidence of this. Further, the circuit court found that the court was not physically present in Pocahontas County until April 26, 2012, at which time the original petition and check for filing fee was forwarded to the clerk's office.

We have carefully reviewed the order of the circuit court under our standard for the issuance of a writ of prohibition and decline to award the same. The circuit court's explanation for the delay between the faxing of the petition for appeal and the filing of the original in the circuit clerk's office was reasonable in light of the facts and circumstances of this case. This is not a situation where the circuit court is accused of acting beyond its jurisdiction, but rather it is a case in which this Court must analyze the *Hoover v. Berger* factors for issuance of the requested writ. After analyzing these factors, and giving particular weight to the third factor- whether there was clear legal error- we see no error in the circuit court's acceptance of the petition for appeal and we therefore deny the writ of prohibition.

Writ Denied.

**ISSUED:** June 13, 2013

**CONCURRED IN BY:**

**Chief Justice Brent D. Benjamin**
**Justice Robin Jean Davis**
**Justice Margaret L. Workman**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**