# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Alfred Joseph Munoz,**
**Petitioner Below, Petitioner**

**FILED**

November 23, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 15-0140** (Doddridge County 14-P-16)

**Doddridge County Magistrate Olivia A.**
**Adams, and A. Brooke Fitzgerald,**
**Prosecuting Attorney of Doddridge**
**County, West Virginia,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Pro se petitioner Alfred J. Munoz appeals the Circuit Court of Doddridge County's January 22, 2015, order denying his petition for writ of prohibition. Respondents, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his petition and failing to order the magistrate court to make a more sufficient statement of findings in denying petitioner's motion to dismiss the criminal charges pending against him in the magistrate court.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2012, petitioner was arrested for the offense of driving under the influence of alcohol ("DUI"). The matter proceeded in magistrate court and was continued on petitioner's oral motion at least three times. The matter was scheduled for a jury trial on June 21, 2013, at petitioner's request. However, based upon petitioner's assertions that he intended to enter a plea on that date, the magistrate did not call in a jury for the June 21, 2013, hearing date. Upon petitioner's stated desire to no longer enter a plea, the magistrate dismissed the case, without prejudice, notwithstanding the fact that petitioner did not request a continuance at that time.

Thereafter, in August of 2013, the charge was re-filed as a second-offense DUI and the warrant was executed on September 20, 2013. The matter was scheduled for a pretrial hearing in November of 2013, and the parties agreed to schedule the matter for a jury trial. In February of 2014, petitioner filed a motion to dismiss the case, arguing that the prosecution was barred under

1

the statute of limitations. The magistrate held a hearing that same month and denied the motion to dismiss.

Thereafter, petitioner filed a motion requesting a stay of the magistrate court proceedings in order to file a petition for writ of prohibition in the circuit court. Despite requesting the stay in February of 2014, the circuit court found that petitioner did not file his petition until June of 2014. The circuit court held a hearing on the petition in October of 2014, after which it denied the same. It is from the resulting order that petitioner appeals.

To begin, we have previously stated that

"[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W.Va.Code [§] 53-1-1." Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977).

Syl. Pt. 1, *State ex rel. Nelson v. Frye*, 221 W.Va. 391, 655 S.E.2d 137 (2007). In addressing petitioner's assignment of error concerning the sufficiency of the magistrate court's findings in its order denying his motion to dismiss, we note that this assignment of error is improper for a writ of prohibition. Petitioner's argument in this regard neither alleges that the magistrate court lacked jurisdiction nor exceeded its legitimate powers in setting forth the allegedly deficient findings. In fact, petitioner's argument on this issue instead appears to inappropriately seek appellate review of those findings. For these reasons, we find no error in the circuit court denying petitioner's request to direct the magistrate court to make a more sufficient statement of findings regarding his motion to dismiss.

As to petitioner's second assignment of error asserting that the circuit court erred in denying his petition for writ of prohibition, we find no error. On appeal, petitioner asserts that he was entitled to the writ of prohibition because the State was barred from prosecuting him on the charge of DUI, second offense. Specifically, petitioner argues that, pursuant to West Virginia Code § 62-3-21, the State was prohibited from prosecuting him because one year elapsed after he was charged and he was not tried on the offense.[1] However, petitioner fails to recognize that this

---

[1]While West Virginia Code § 62-3-12 does not explicitly reference a statute of limitations for magistrate court, we have previously stated that

"[u]nless one of the reasons specifically set forth in W.Va.Code [§] 62-3-21 [1959] for postponing criminal trials in circuit court beyond three terms of the circuit court exists, a criminal trial in magistrate court must be commenced within one year of the [execution] of the criminal warrant and lack of good cause for delay beyond one year as defined in Code [§] 62-3-21 [1959] should be presumed from a silent record." Syllabus Point 3, as modified, *State ex rel. Stiltner v. Harshbarger*, 170 W.Va. 739, 296 S.E.2d 861 (1982).

Syl. Pt. 5, *State ex rel. Johnson v. Zakaib*, 184 W.Va. 346, 400 S.E.2d 590 (1990).

statute specifically states that an exception to this rule exists in instances where "the failure to try [the defendant] was caused by . . . a continuance granted on the motion of the accused . . . ." The record in this matter is clear that petitioner moved for, and received, at least three continuances in the proceedings below.

While petitioner argues that there is nothing in the record to establish that he moved for any continuances, the Court does not agree. Specifically, the magistrate that presided over petitioner's first proceeding testified that petitioner was granted multiple continuances. The record shows that the magistrate testified to continuances granted on petitioner's oral motion at hearings in October of 2012, November of 2012, and February of 2013. According to the magistrate's testimony, petitioner requested these continuances for a variety of reasons, including awaiting the outcome of related hearings. Admittedly, the magistrate did not reduce petitioner's requests for continuances to writing, but testified that she allowed petitioner to orally move for continuances because of his status as an officer of the court and her belief that he could be trusted to proceed accordingly.[2]

Contrary to petitioner's argument that the record is silent as to his requesting a continuance in the magistrate proceedings, the record is, in fact, silent to any party other than petitioner requesting a continuance. As such, the circuit court specifically found that "[t]he State neither sought nor was afforded any continuances." For these reasons, it is clear that the circuit court did not err in denying petitioner's petition for writ of prohibition because the failure to try him within a year of the execution of the criminal warrant was attributable to his own requests for continuances.

For the foregoing reasons, the circuit court's January 22, 2015, order denying his petition for writ of prohibition is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2]According to the West Virginia State Bar, petitioner is a licensed attorney in the State of West Virginia.