# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ronnie Blankenship,**
**Petitioner Below, Petitioner**

**vs) No. 16-0489** (Wayne County 16-P-010)

**Wayne County Magistrate John Cavins,**
**Respondent Below, Respondent**

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ronnie Blankenship, by counsel Connor D. Robertson, appeals the Circuit Court of Wayne County's April 12, 2016, order denying his petition for writ of prohibition. Respondent, by counsel Zachary Aaron Viglianco, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his petition because the magistrate court lacked jurisdiction to prosecute him for the misdemeanor crime of petit larceny.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2015, petitioner was charged with petit larceny in violation of West Virginia Code § 61-3-13(b). United States Department of Veteran's Affairs ("VA") police officer Joseph K. Wayman filed a complaint against petitioner that stated that petitioner removed "property of the U.S. Department of Veteran's Affairs."[1] Following the issuance of the complaint, petitioner was arrested, posted bond, and requested a jury trial. After several appearances in the Magistrate Court of Wayne County, petitioner's jury trial was scheduled for March, 25, 2016.

In March of 2016, petitioner filed a petition for writ of prohibition in the Circuit Court of Wayne County. The petition challenged the magistrate court's and the circuit court's jurisdiction generally and asserted that jurisdiction to prosecute crimes that occurred on the VA's property remained solely with the federal government. Based on the evidence presented, the circuit court denied petitioner's petition for writ of prohibition by order entered on April 12, 2016, and found

---

[1]As stated in the criminal complaint, petitioner was charged with petit larceny for allegedly stealing a meat slicer from the VA hospital in Wayne County, West Virginia.

that nothing prevented the VA officer from filing a criminal complaint in "state, rather than federal court."[2] It is from this order that petitioner appeals.

To begin, we have previously stated that

> "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W.Va.Code [§] 53-1-1." Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977).

Syl. Pt. 1, *State ex rel. Nelson v. Frye*, 221 W.Va. 391, 655 S.E.2d 137 (2007). As to petitioner's sole assignment of error asserting that the circuit court erred in denying his petition for writ of prohibition, we find no error.[3] On appeal, petitioner asserts that the magistrate court lacked subject matter jurisdiction to adjudicate a crime that occurred on federally owned property. Specifically, petitioner argues that, pursuant to West Virginia Code § 1-1-3, respondent was prohibited from prosecuting him because the federal government acquired title to the VA hospital property in the State of West Virginia. Therefore, concurrent jurisdiction to the land "shall be . . . ceded to the United States for all purposes."[4]

---

[2]On May 17, 2016, petitioner filed a motion in the magistrate court to stay the magistrate court proceedings and his previously scheduled jury trial was stayed pending his appeal to this Court.

[3]Petitioner also argues that the criminal charge against him should have been pursued in federal court, rather than magistrate court, because the VA police officer did not have the power to file the criminal complaint in the Magistrate Court of Wayne County. However, Rule 3 of the West Virginia Rules of Criminal Procedure and Rule 3 of the West Virginia Rules of Criminal Procedure for Magistrate Courts, both permit a complaint to be brought before a magistrate "by prosecuting attorney or a law enforcement officer showing reason to have reliable information and belief." W.Va. R. Crim. P. 3; W.Va. Crim P. Mag. Ct. 3. As such, the VA police officer, acting in his capacity as a law enforcement officer, correctly filed the criminal complaint against petitioner in magistrate court.

[4]West Virginia Code § 1-1-3 provides that

> [c]oncurrent jurisdiction with this state in and over any land so acquired by the United States shall be, and the same is hereby, ceded to the United States for all purposes; but the jurisdiction so ceded shall continue no longer than the United States shall be the owner of such lands, and if the purposes of any grant to the United States shall cease, or the United States shall for five consecutive years fail to use any such land for the purposes of the grant, the jurisdiction hereby ceded over the same shall cease and determine, and the right and title thereto shall reinvest in this state. The jurisdiction ceded shall not vest until the United States shall acquire title of record to such land. Jurisdiction heretofore ceded to the

(continued . . .)

2

Petitioner contends that the federal government acquires concurrent jurisdiction over property by simply purchasing it and, therefore, the State of West Virginia surrenders its concurrent jurisdiction. Petitioner's argument is directly contradicted by the West Virginia Code § 1-1-4 and precedent from this Court. Specifically, West Virginia Code § 1-1-4 provides that

> [t]he state of West Virginia reserves the right to execute process, civil or criminal, within the limits of any lot or parcel of land heretofore or hereafter acquired by the United States as aforesaid, and such other jurisdiction and authority over the same as is not inconsistent with the jurisdiction ceded to the United States by virtue of such acquisition.

Thus, we have previously held that the State of West Virginia "consenting to the acquisition of territory for certain defined purposes, does not *ipso facto* vest exclusive jurisdiction in the United States for all purposes, as to territory acquired by the United States pursuant to such consent." Syl. Pt. 3, *Adams v. Londeree*, 139 W.Va. 748, 83 S.E.2d 127 (1954). Further, we have also held that

> it is clear, we think, that the State cannot be denied sovereignty over any part of its territory except by its own consent; that the consent of the State to acquisition by the United States of territory for certain defined purposes does not deny the exercise of sovereignty of the State over the territory as to purposes which can in no manner conflict or interfere with the use of the territory by the United States for the purpose or purposes for which it was acquired; that exclusive jurisdiction over such territory cannot be foisted upon the United States without its acceptance; and that the State and Federal Governments may, and in numerous cases do, exercise concurrent jurisdiction over territory ceded by the respective States to the Federal Government under consent statutes similar to [West Virginia Code §§ 1-1-3 and 1-1-4].

*Adams*, at 768, 83 S.E.2d at 139. Accordingly, absent an express agreement to the contrary, lands acquired by the federal government in the State of West Virginia are subject to a reserve of concurrent jurisdiction pursuant to West Virginia Code §§ 1-1-3 and 4.

According to the record below, there was no evidence presented that the acquisition of the VA hospital property included a grant of exclusive jurisdiction to the federal government. Absent a statute or agreement to the contrary, "[t]he state and federal governments may exercise concurrent jurisdiction over territory ceded by state to federal government." *Adams*, at 768, 83 S.E.2d at 139. The State of West Virginia "reserves the right to execute process, civil or criminal, within the limits of any . . . parcel of land . . . acquired by the United States." W.Va. Code § 1-1-3. For these reasons, it is clear that the circuit court did not err in denying petitioner's petition for writ of prohibition because the magistrate court had jurisdiction to prosecute him for

---

United States over any land within this state by any previous acts of the Legislature shall continue according to the terms of the respective cessions.

a crime he allegedly committed on property within West Virginia that was acquired by the federal government.

For the foregoing reasons, the circuit court's April 12, 2016, order denying his petition for writ of prohibition is hereby affirmed.

Affirmed.

**ISSUED**:  June 9, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker