# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2019 Term

_____

No. 19-0595

_____

FILED

**November 22, 2019**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA EX REL.
WEST VIRGINIA REGIONAL JAIL AUTHORITY,
Petitioner

V.

HONORABLE CARRIE WEBSTER,
JUDGE OF THE CIRCUIT COURT OF KANAWHA COUNTY;
BOBBI DAWN BRYANT; AND
PRIMECARE OF WEST VIRGINIA, INC.,
Respondents

_____

PETITION FOR WRIT OF PROHIBITION

WRIT DENIED

_____

Submitted: November 6, 2019
Filed: November 22, 2019

M. Andrew Brison
Mark J. McGhee
Anspach Meeks Ellenberger LLP
Charleston, West Virginia
Attorneys for the Petitioner

Stephen P. New
Amanda J. Taylor
Beckley, West Virginia
Attorneys for the Respondent
Bobbi Dawn Bryant

JUSTICE JENKINS delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.      "A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court.  It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers.  *W. Va. Code*, 53-1-1."  Syllabus point 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977).

2.      "'[T]his Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.' Syl. Pt. 1, in part, *Hinkle v. Black*, 164 W. Va. 112, 262 S.E.2d 744 (1979), *superseded by statute on other grounds as stated in State ex rel. Thornhill Group, Inc. v. King*, 233 W. Va. 564, 759 S.E.2d 795 (2014)."  Syllabus point 3, *State ex rel. Almond v. Rudolph*, 238 W. Va. 289, 794 S.E.2d 10 (2016).

3.      "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not

i

correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syllabus point 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

4.      "A five-step analysis should be applied to determine whether a cause of action is time-barred. First, the court should identify the applicable statute of limitation for each cause of action. Second, the court (or, if questions of material fact exist, the jury) should identify when the requisite elements of the cause of action occurred. Third, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action, as set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.*, 199 W. Va. 706, 487 S.E.2d 901 (1997). Fourth, if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the

ii

potential cause of action, the statute of limitation is tolled. And fifth, the court or the jury should determine if the statute of limitation period was arrested by some other tolling doctrine. Only the first step is purely a question of law; the resolution of steps two through five will generally involve questions of material fact that will need to be resolved by the trier of fact." Syllabus point 5, *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009).

**Jenkins, Justice:**

This case was brought as a petition for a writ of prohibition under the original jurisdiction of this Court by Petitioner, the West Virginia Regional Jail Authority ("the WVRJA"). In this proceeding, the WVRJA seeks to have this Court prohibit the Circuit Court of Kanawha County from enforcing its order denying the WVRJA's motion to dismiss Respondent Bobbi Dawn Bryant's ("Ms. Bryant") complaint against it as barred by the applicable statute of limitations. On November 16, 2016, Ms. Bryant was incarcerated at the Southwestern Regional Jail and Correctional Facility ("regional jail") in Logan County, West Virginia, when she was seen by the medical staff for "weakness, labored breathing, rapid pulse, and disorientation." She was urgently transferred to Logan Regional Medical Center and, subsequently, to Pikeville Medical Center.

Ms. Bryant sued both PrimeCare Medical of West Virginia Inc. ("PrimeCare")[1] and the WVRJA in the Circuit Court of Kanawha County. The WVRJA moved to dismiss the complaint on the sole basis that the claims asserted against it were time-barred by the applicable statutes of limitation. However, the circuit court found that because the statute of limitations was appropriately tolled as to the co-defendant, PrimeCare, and because Ms. Bryant alleged a civil conspiracy cause of action, the tolling

---

[1] In her complaint, Ms. Bryant alleges that during her time at the regional jail, PrimeCare was her healthcare provider.

We note that PrimeCare has not presented any filings in this proceeding.

1

of the statute of limitation as to PrimeCare was imputed to the WVRJA. The WVRJA contends that the circuit court's order is clear legal error. Upon careful review of the briefs, the appendix record, the oral arguments of the parties, and the applicable legal authority, we deny the writ.

## I.

## FACTUAL AND PROCEDURAL HISTORY

Ms. Bryant asserted the following factual allegations in her underlying complaint. Ms. Bryant was an inmate at the regional jail from November 7, 2016, until November 16, 2016, at which time she was "transferred urgently to Logan Regional Medical Center and, subsequently, to Pikeville Medical Center" for treatment. On the evening of November 16, 2016, Ms. Bryant was seen by the medical staff of PrimeCare at the regional jail for "weakness, labored breathing, rapid pulse, and disorientation." She was found to have crackles in the bases of her lungs. As such, the on-call doctor directed that the nursing staff administer IV antibiotics, however the nursing staff could not do so. Accordingly, Ms. Bryant was transferred to Logan Regional Medical Center where she received medical care, including receiving IV antibiotics, and was ultimately transferred to Pikeville Medical Center for further treatment. During her stay at Pikeville Medical Center, Ms. Bryant was treated for several ailments, including sepsis and endocarditis. Ms. Bryant underwent a cholecystectomy and a tricuspid valve replacement and was eventually

discharged from Pikeville Medical Center on December 5, 2016; however, she continued to receive four weeks of daily outpatient IV antibiotics.[2]

It is undisputed that on November 6, 2018, pursuant to the pre-suit notice requirements contained within the West Virginia Medical Professional Liability Act ("MPLA"), West Virginia Code § 55-7B-6(b) (LexisNexis 2016), Ms. Bryant, through counsel, served a notice of claim on PrimeCare. According to Ms. Bryant, the notice of claim "contained [a] statement of intent to provide a screening certificate of merit affidavit within sixty days." On December 28, 2018, within the sixty day time period, Ms. Bryant states that she provided a detailed notice of claim and screening certificate of merit to PrimeCare. On January 28, 2019, Ms. Bryant filed her complaint against both PrimeCare and the WVRJA. Specifically, Ms. Bryant alleged state law claims of negligence against the WVRJA asserting that while she was incarcerated at the regional jail, its agents, servants, or employees (1) negligently and carelessly failed to monitor and check her; (2) negligently and carelessly failed to prevent her health from declining; (3) failed to watch or monitor her as required; and (4) failed to properly and adequately supervise the monitoring. Ms. Bryant alleged a medical negligence claim against PrimeCare. Finally, Ms. Bryant alleged a civil conspiracy claim against both the WVRJA and PrimeCare. Ms. Bryant's civil conspiracy claim contended that,

_____

[2] Based on the limited record before us, it is not clear if upon discharge from Pikeville Medical Center Ms. Bryant returned to the regional jail or was discharged elsewhere.

3

[b]y entering into an express or implicit agreement to commit an unlawful act or to commit a lawful act through unlawful means by engaging in an overt act, to-wit: Defendant PrimeCare Medical and agents and/or employees of Defendant West Virginia Regional Jail Authority, collectively agreed and conspired to commit the tortious conduct set forth herein, thereby inflicting damage on Plaintiff, proximately causing Plaintiff to sustain losses and damages as set forth herein.

Additionally, the complaint indicated that Ms. Bryant had "complied in all manners with the notice requirements set forth in the [MPLA], W. Va. Code § 55-7B-6."

Subsequently, on March 6, 2019, the WVRJA filed a motion to dismiss Ms. Bryant's complaint pursuant to West Virginia Rule of Civil Procedure 12(b)(6), arguing that the applicable statute of limitations for filing certain claims asserted against it expired on November 16, 2018, two years after Ms. Bryant's transfer out of the regional jail.[3] In her response to the WVRJA's motion to dismiss, Ms. Bryant argued that a November 16, 2018 notice of claim that was filed pursuant to the MPLA, West Virginia Code §§ 55-7B-1 to 55-7B-12 (LexisNexis 2016), tolled the statutes of limitation with respect to her claims against every defendant, not just her medical negligence claim against PrimeCare, because the complaint asserted a civil conspiracy claim against both PrimeCare and the WVRJA. The WVRJA replied that Ms. Bryant's reliance on the general rule that the tolling of the statute of limitation as to one defendant in a civil conspiracy tolls the statute of limitation

---

[3] West Virginia Code § 55-2-12(b) (LexisNexis 2016) provides that "[e]very personal action for which no limitation is otherwise prescribed shall be brought: . . . (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]"

4

as to all defendants within the civil conspiracy was misplaced because this "rule has a limited reach and has no application unless the case involves fraudulent concealment." Without holding a hearing, the circuit court denied the WVRJA's motion to dismiss, finding that Ms. Bryant's claims against the WVRJA were not time-barred because the statute of limitations was properly tolled as to PrimeCare pursuant to the MPLA and "[b]ecause the statute [of limitation] was tolled as to PrimeCare, it is likewise tolled as to [the] WVRJA as an alleged civil conspirator." The WVRJA then filed a petition for writ of prohibition with this Court.

## II.

## STANDARD FOR ISSUANCE OF WRIT

The WVRJA brought this action under this Court's original jurisdiction seeking a writ of prohibition. We have stated that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W. Va. Code*, 53-1-1." Syl. pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977). Furthermore,

> "this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance." Syl. Pt. 1, in part, *Hinkle v. Black*, 164 W. Va. 112, 262 S.E.2d 744 (1979), *superseded by statute*

5

> *on other grounds as stated in State ex rel. Thornhill Group,*
> *Inc. v. King*, 233 W. Va. 564, 759 S.E.2d 795 (2014).

Syl. pt. 3, *State ex rel. Almond v. Rudolph*, 238 W. Va. 289, 794 S.E.2d 10 (2016).

Moreover, in Syllabus point 4 of *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d

12 (1996), this Court set forth the following standard for issuance of a writ of prohibition

when it is alleged a lower court has exceeded its legitimate authority:

> In determining whether to entertain and issue the writ of
> prohibition for cases not involving an absence of jurisdiction
> but only where it is claimed that the lower tribunal exceeded
> its legitimate powers, this Court will examine five factors: (1)
> whether the party seeking the writ has no other adequate
> means, such as direct appeal, to obtain the desired relief; (2)
> whether the petitioner will be damaged or prejudiced in a way
> that is not correctable on appeal; (3) whether the lower
> tribunal's order is clearly erroneous as a matter of law; (4)
> whether the lower tribunal's order is an oft repeated error or
> manifests persistent disregard for either procedural or
> substantive law; and (5) whether the lower tribunal's order
> raises new and important problems or issues of law of first
> impression. These factors are general guidelines that serve as a
> useful starting point for determining whether a discretionary
> writ of prohibition should issue.  Although all five factors need
> not be satisfied, it is clear that the third factor, the existence of
> clear error as a matter of law, should be given substantial
> weight.

We have further held that, "'[i]n determining the third factor, the existence of clear error

as a matter of law, we will employ a *de novo* standard of review, as in matters in which

purely legal issues are at issue.' *State ex rel Gessler v. Mazzone,* 212 W. Va. 368, 372, 572

S.E.2d 891, 895 (2002)."  *State ex rel. Nelson v. Frye*, 221 W. Va. 391, 395, 655 S.E.2d

137, 141 (2007).  With the foregoing standards in mind, we turn to the parties' arguments

and the merits of the underlying petition for writ of prohibition.

## III.

## DISCUSSION

In this original jurisdiction matter, the WVRJA raises one issue: whether the circuit court committed clear legal error in denying the WVRJA's motion to dismiss Ms. Bryant's complaint as time-barred, based on the applicable statute of limitations, such that a writ of prohibition is warranted. The WVRJA contends that it is entitled to a writ of prohibition based upon factors one, two, and three of *Hoover*; however, it mainly relies upon factor three – clear legal error. *See* Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12. Regarding factor one – whether the party seeking the writ has no other adequate means, such as a direct appeal, to obtain the desired relief – the WVRJA simply states that a writ of prohibition is its only means. *See id.* Regarding factor two – whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal – the WVRJA states that requiring it, a State entity, to proceed "with the cost, time, and inconvenience of discovery creates damage and prejudice which is not relieved if forced to litigate this case for years only to obtain reversal through a direct appeal." *See id.* Regarding factor three – whether the circuit court's order is clearly erroneous as a matter of law – the WVRJA contends that the circuit court's failure to dismiss the action pursuant to a statute of limitations argument was clearly erroneous as a matter of law. *See id.* We disagree with the WVRJA.

7

The WVRJA bases the majority of its argument on the third factor – clear legal error. Accordingly, we will focus our attention to this factor as well. This Court has established that

> [a] five-step analysis should be applied to determine whether a cause of action is time-barred. First, the court should identify the applicable statute of limitation for each cause of action. Second, the court (or, if questions of material fact exist, the jury) should identify when the requisite elements of the cause of action occurred. Third, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action, as set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.*, 199 W. Va. 706, 487 S.E.2d 901 (1997). Fourth, if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled. *And fifth, the court or the jury should determine if the statute of limitation period was arrested by some other tolling doctrine.* Only the first step is purely a question of law; the resolution of steps two through five will generally involve questions of material fact that will need to be resolved by the trier of fact.

Syl. pt. 5, *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009) (emphasis added).

Using *Dunn* as a guide, the first step in the analysis is to determine the proper statutes of limitation for each cause of action against the WVRJA. *See id.* There is no dispute that a two year statute of limitation is applicable to the causes of action against Petitioner. First, with regard to the negligence cause of action against the WVRJA, we must look to West Virginia Code § 55-2-12 (LexisNexis 2016), which provides that

8

> [e]*very personal action for which no limitation is otherwise prescribed shall be brought*: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; *(b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries*; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

(Emphasis added). Therefore, the statute of limitation is two years for Ms. Bryant's negligence claim. Next, we have held that "[t]he statute of limitation for a civil conspiracy claim is determined by the nature of the underlying conduct on which the claim for conspiracy is based." Syl. pt. 10, *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255. As such, the statute of limitation is two years for the civil conspiracy cause of action as well.

We must now turn to the second step of *Dunn* and determine when the requisite elements of the cause of action occurred. *See* Syl. pt. 5, *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255. Once again, there is no dispute as to the second step. The WVRJA asserts, and Ms. Bryant does not dispute, that based upon the allegations contained within the complaint, "the last date relevant to [Ms.] Bryant's claims against the [WVRJA] occurred on November 16, 2016[,]" when Ms. Bryant was transferred out of the regional jail.

Next, pursuant to the third step of *Dunn*, we must determine if the discovery rule should be applied. *See id.* Here, there are no allegations by Ms. Bryant that the

discovery rule would have tolled the date when the statute of limitation began to run. Fourth, this Court must examine whether the WVRJA fraudulently concealed any facts that prevented Ms. Bryant from discovering or pursuing the causes of action. *See id.* A review of the record demonstrates that there are no allegations in this matter that the WVRJA fraudulently concealed any facts that would have prevented Ms. Bryant from discovering or pursuing the matter.

Last, we must determine if the statute of limitation period was arrested by "some other tolling doctrine." Syl. pt. 5, in part, *id*. Ms. Bryant contends that the statutes of limitation on both of her causes of action against the WVRJA were tolled pursuant to this fifth step. Specifically, Ms. Bryant argues that there is no dispute that the statute of limitations was appropriately tolled as to her medical malpractice cause of action against co-defendant PrimeCare. Ms. Bryant further argues that, because she has alleged a civil conspiracy cause of action against both the WVRJA and PrimeCare, the statutes of limitation were tolled not only with respect to PrimeCare, but also as to the WVRJA. In arriving at this conclusion, Ms. Bryant relies on this Court's discussion of the fifth step in *Dunn*. However, the WVRJA contends that allegations of fraudulent concealment are a necessary prerequisite to utilizing this doctrine.

In *Dunn*, we examined whether several different claims against several different defendants were time-barred. Significantly, the Court examined seven causes of action against Mr. Rockwell, an attorney, and his wife, Mrs. Rockwell, a non-attorney. *Id.*,

10

225 W. Va. at 54, 689 S.E.2d at 266. The Court analyzed the first three steps to determine the date upon which the various applicable statutes of limitation began to run. Thereafter, the Court moved to the fourth step in the analysis: whether there was any fraudulent concealment. *Id.*, 225 W. Va. at 59, 689 S.E.2d at 271. Noting that "[t]he Dunns conceded that the Rockwells *did nothing to fraudulently conceal any facts* which would have led the Dunns to discover or to pursue their causes of action[,]" the Court turned to the fifth and final step of the analysis. *Id.* (emphasis added). In analyzing the fifth factor, the Court undertook an examination of whether the statute of limitation as to each defendant was arrested by some other tolling doctrine. *Id.* The Court in *Dunn* stated that it had

> previously adopted a doctrine that tolls statutes of limitation in negligence actions against attorneys. The continuous representation doctrine, which [the Court] adopted in *Smith v. Stacy*, 198 W. Va. 498, 482 S.E.2d 115 (1996), tolls a statute of limitation in an attorney malpractice action "until the professional relationship terminates with respect to the matter underlying the malpractice action."

*Id.* (footnote omitted). Furthermore, we stated that based upon the record before us, "it appear[ed] that there [was] evidence sufficient to say that questions of material fact exist for the finder of fact to resolve regarding whether the two-year statutes of limitation on the Dunns' five causes of action against Lawyer Rockwell were tolled." *Dunn*, 225 W. Va. at 61, 689 S.E.2d at 273 (footnote omitted). In other words, this Court directed the finder of fact on remand to "resolve whether the statute[s] of limitation [were] tolled until the Spring of 2005 by [Lawyer Rockwell's] continuous representation of the Dunns[.]" *Id.*

11

Following the Court's determination that the continuous representation doctrine might apply to Mr. Rockwell, it examined the claims asserted against his wife, Mrs. Rockwell. *Id.* The Court found "that questions of material fact likewise exist concerning whether the statutes of limitation were tolled as to the five causes of action against her as well." *Id.* However, Mrs. Rockwell contended "that[,] because she [was] not an attorney, and was not in a continuous professional relationship with the Dunns, . . . she ought to receive repose because the Dunns did not file their actions against her within two years[.]" *Id.* The Court found her argument to be without merit because her "argument overlook[ed] one of the causes of action asserted against her: civil conspiracy." *Id.* The Court noted that "[t]he general rule is that if the statute of limitation is tolled as to one defendant in a civil conspiracy, it is tolled as to all alleged co-conspirators." *Id.* (footnote omitted).

Ms. Bryant contends that her complaint was timely filed because the statutory provisions of the MPLA tolled the statutes of limitation as to co-defendant and alleged co-conspirator PrimeCare and also apply to the WVRJA in this specific instance. Her assertion is based upon the fifth step announced in *Dunn*, which requires consideration of whether the statute of limitation is arrested by some other tolling doctrine, and pursuant to the statement announced in *Dunn*: that if the statute of limitation is tolled as to one conspirator, it is tolled as to all co-conspirators. Moreover, Ms. Bryant argues that because she is solely relying on the fifth step of *Dunn*, there is no mention of fraudulent

12

concealment being a necessary requirement for tolling the statute of limitation with respect to a co-conspirator.

The standard for the issuance of a writ of prohibition by this Court is well-established and clear: the third factor of whether there was clear error is to be given substantial weight and we will use prohibition in a discretionary way to correct "*only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate*." Syl. pt. 3, in part, *State ex rel. Almond v. Rudolph*, 238 W. Va. 289, 794 S.E.2d 10 (emphasis added). Moreover, "[a] court commits clear legal error 'when it incorrectly chooses, interprets, or applies the law.' *McIntosh v. McIntosh*, 282 Mich. App. 471, 475, 768 N.W.2d 325 (2009)." *Geering v. King*, 906 N.W.2d 214, 218 (2017).

In *Dunn*, at Syllabus point five, we set forth five separate and distinct steps to determine whether a cause of action is time-barred. *See* Syl. pt. 5, *Dunn*, 225 W. Va. 43, 689 S.E.2d 255. Using this five-step analysis, the *Dunn* Court determined that the causes of action against the attorney husband were potentially tolled pursuant to the continuous representation doctrine. *Despite the absence of any fraudulent concealment allegations* and despite the fact that the wife was not an attorney, the *Dunn* Court imputed the continuous representation tolling doctrine to her based on the statement that "[t]he general rule is that if the statute of limitation is tolled as to one defendant in a civil

13

conspiracy, it is tolled as to all alleged co-conspirators." *Id.*, 225 W. Va. at 61, 689 S.E.2d at 273.

In the matter *sub judice*, the circuit court found that the "WVRJA d[id] *not* assert that [Ms. Bryant] has failed to state a cause of action upon which relief may be granted for civil conspiracy as between Defendant WVRJA and Defendant Prime Care [sic]." Furthermore, the circuit court found that the statutes of limitation were appropriately tolled as to PrimeCare and because the statutes of limitation had been properly tolled as to a co-defendant and alleged co-conspirator, the statutes of limitation had likewise been tolled as to the WVRJA. The circuit court based this ruling on the *Dunn* Court's broad imputation of the husband defendant's potential tolling of the statutes of limitation to the non-attorney wife defendant because they too were alleged co-conspirators. Accordingly, given the high standard for the issuance of a writ of prohibition and the circumstances as presented in *Dunn*, WVRJA has failed to demonstrate that the circuit court's order was clearly erroneous[4] in its decision to deny the WVRAJ's motion to dismiss based solely on a statute of limitation argument.[5]

---

[4] Because it is not entirely clear whether the general rule in *Dunn* was intended to apply to statutory tolling provisions such as the MPLA, we cannot conclude that the circuit court clearly erred as a matter of law so as to warrant a writ of prohibition.

[5] Additionally, we note that the WVRJA also raised the first and second *Hoover* factors in support of granting a writ of prohibition. However, we do not believe that in this matter the WVRJA raised concerns sufficient to grant a writ of prohibition, particularly because of the weight afforded to the third factor under *Hoover* and the weight accorded to it in the WVRJA's brief.

14

## IV.

## CONCLUSION

In view of the foregoing, the writ of prohibition prayed for by the WVRJA is denied.

Writ denied.