735 S.E.2d 575

**STATE of West Virginia ex rel. TOWN OF PRATT, A West Virginia Municipal Corporation, Petitioner**

**v.**

**The Honorable James C. STUCKY, Judge of the Circuit Court of Kanawha County, West Virginia, and Roger Paul Crist, et al., Respondents.**

No. 12–0442.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 25, 2012.

Decided Oct. 24, 2012.

Johnnie E. Brown, Esq., Jill M. Harlan, Esq., Pullin, Fowler, Flanagan, Brown & Poe, PLLC, Charleston, WV, for Petitioner.

John R. Mitchell, Esq., John R. Mitchell, L.C., Charleston, WV, for Respondents.

PER CURIAM:

The Petitioner, the Town of Pratt, invokes this Court's original jurisdiction in prohibition to challenge an April 2, 2012, order of the Circuit Court of Kanawha County denying the Town's Motion to Dismiss or Alternatively for Summary Judgment finding the motion to be premature and ordering the parties to conduct discovery prior to making a determination upon the immunity arguments set forth by the Town. Based upon the record before us, the arguments of the parties, and the applicable precedent, we find that the circuit court committed clear error in denying the Town's request for summary disposition. We therefore grant the requested writ of prohibition and prohibit the enforcement of the April 2, 2012, order of the circuit court that denies the Town's motion to dismiss.

I.

FACTUAL AND PROCEDURAL BACKGROUND

This action arises from modifications resulting from landfill activity made to real property that is adjacent to the property of Respondents Roger and Roxanna Crist. The modifications allegedly caused a change in the normal water flow on the Respondents' property and resulted in property damage. The Respondents filed their Complaint on July 22, 2011, naming the Town of Pratt, Helen B. Berry, Administratrix of the Estate of John Billo, and William M. Perry and Rosella Perry as Defendants.[1]

In their Complaint, the Respondents allege that the real property located adjacent to their property has undergone modifications since approximately 2003 because landfill activity began on the property when it was owned by Defendant Berry's decedent, John Billo, until his death. Subsequently the Defendants, William Perry and Rosella Perry purchased the property from the estate of Mr. Billo and continued the landfill activity. The Respondents claim that the modifications resulting from the landfill activity on the neighboring property have raised the surface of the property above the Respondents' property and have caused a drastic change in the normal flow of drainage. These activities have allegedly caused flooding on the Respondents' property, have caused standing water on the Respondents' property, have created a habitat for mosquito breeding and have left the Respondents' property uninhabitable other than the area immediately surrounding their home.

The Respondents' Complaint alleges that in the past, they filed objections with the Town, but the Town refused to take any action even though it was aware of the landfill and the damage it was causing. The Respondents requested documentation of permits for such landfill. The Respondents allege that to date, they have only been provided with a copy of one such permit which was issued to defendant William Perry on August 31, 2007. The Town has been unable to provide documentation of any permits for such landfill prior to that date. The Respondents contend that the failure of the Town to take any action to correct the damage or to direct the defendants, the Estate of John Billo, or any other party responsible to correct the damage that has been done to the Respondents' property constitutes an act of negligence. The Respondents allege that as a proximate result of the negligence and

1. Defendant, Helen B. Berry, was appointed administratrix of the Estate of John Billo, shortly after his death. Prior to his death, John Billo was the owner of real property located adjacent to the property of the Respondents which is the subject of the suit in this matter. Defendants, William M. Perry and Rosella Perry, purchased said property from the Estate of John Billo and have conducted activities on the property which are also the subject matter of this suit.

failure of the Town, they have suffered damages.

On December 12, 2011, the Town filed a Motion to Dismiss or Alternatively for Summary Judgment. In the motion, the Town asserted that it was entitled to be dismissed based upon two of the sovereign immunity provisions contained in W. Va.Code § 29–12A–5(a)(9) (1986), which provides that a political subdivision is immune from liability if a loss or claim results from "licensing powers or functions including, but not limited to, the issuance, denial suspension or revocation of or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authority." The Town also asserted that it was immune from the Respondents' claims regarding a failure to correct the problems caused by the modifications to the neighboring property under W. Va.Code § 29–12A–5(a)(10) (1986), which provides immunity for "inspection powers or functions, including failure to make an inspection, or making an inadequate inspection, of any property, real or personal, to determine whether the property complies with or violates any law or contains a hazard to health or safety."

On February 6, 2012, the Respondents filed a response to the Town's Motion to Dismiss or Alternatively for Summary Judgment alleging that: (1) a special relationship exists between the Respondents and the Town and therefore its defense claims of sovereign immunity must fail; and (2) that discovery was still ongoing in the case, so summary judgment would be premature. The Town's motion was noticed and argued before the circuit court on February 7, 2012. By order entered April 2, 2012, the circuit court denied the Town's Motion as premature finding that the parties should conduct discovery prior to the court making a determination regarding the immunity arguments set forth by the Town.

## II.

### STANDARD OF REVIEW

■ This Court has repeatedly held that [i]n determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). Further, we have held,

A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W. Va.Code 53–1–1.

Syl. pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977). Using these standards of review, we examine the Town's request for a writ of prohibition.

## III.

### DISCUSSION

Even though all the actions that have allegedly caused damage to the Respondents' property were due to the acts of the adjacent property owners, the Respondents allege that the Town is also responsible for the damages in this case because (1) the Town issued a permit to Defendant Perry on August 31, 2007; (2) the Town does not have documentation of other permits issued prior to that date; (3) the Town has failed to take

action to correct the damage; and (4) the Town has failed to direct any other responsible party to correct the damage.

■ The stated purposes of the West Virginia Governmental Tort Claims and Insurance Reform Act, W. Va.Code § 29–12A–1 *et seq.*, "are to limit liability of political subdivisions and provide immunity to political subdivisions in certain instances and to regulate the costs and coverage of insurance available to political subdivisions for such liability." It is undisputed that the Town is a political subdivision for purposes of The Act. West Virginia Code § 29–12A–3(c) defines a political subdivision as "any county commission, *municipality* and county board of education . . ." *Id.* (emphasis added).

West Virginia Code § 29–12A–5(a)(9) provides immunity to political subdivisions if a loss or claim results from "licensing powers or functions including, but not limited to, the issuance, denial, suspension or revocation of or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authority." West Virginia Code § 29–12A–5(a)(10) also provides immunity for "inspection powers or functions, including failure to make an inspection, or making an inadequate inspection, of any property, real or personal, to determine whether the property complies with or violates any law or contains a hazard to health or safety."

■ Despite the immunity granted in W. Va.Code § 29–12A–5(a)(9) and (a)(10), in response to the Town's motion to dismiss filed below, the Respondents argue that a special duty relationship had been created between them and the Town and that special duty relationship defeats the immunity provisions of the Act. The Respondents argue that, "[i]f a special relationship exists between a local governmental entity and an individual which gives rise to a duty to such individual, and the duty is breached causing injuries, then a suit may be maintained against such entity." Syl. Pt. 3, *Benson v. Kutsch*, 181 W.Va. 1, 380 S.E.2d 36 (1989). This Court has held that

> To establish that a special relationship exists between a local government entity and

an individual, which is the basis for a special duty of care owed to such individual, the following elements must be shown: (1) an assumption by the local government entity, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the local governmental entity's agents that inaction could lead to harm; (3) some form of direct contact between the local governmental entity's agents and the injured party; and (4) that party's justifiable reliance on the local governmental entity's affirmative undertaking.

Syl. Pt. 2, *Wolfe v. City of Wheeling*, 182 W.Va. 253, 387 S.E.2d 307 (1989).

The Respondents argue that since early 2003, the Town has been aware that the "Billo property" needed a culvert and two feet of top soil to prevent extra water being routed onto adjacent properties. They argue that at that time, the Town knew it was its responsibility to construct the culvert. The Respondents allege that minutes from town meetings show that the Town inquired of the county commission as to why it had not yet received the funds for the culvert. They assert that minutes also show that from early 2003 to 2005, the Town had full knowledge of the problems the Respondents were having and were taking steps to have the situation resolved. The Respondents argue that these promises create a "special relationship" between the Town and the Respondents and an affirmative duty on the part of the Town to take action to prevent the Respondents from being further damaged. The Respondents also allege that the Town was negligent because it failed to take action to correct, or to direct others to correct, the problems caused by the fill activities that took place on the co-defendant's property even though the Town had received complaints from the Respondents.

The Town argues that in *Hose v. Berkeley County Planning Commission.* 194 W.Va. 515, 460 S.E.2d 761 (1995), this Court held that the Berkeley County Planning Commission (BCPC) was immune from liability in accordance with the above referenced section after it approved construction of a warehouse building, rental office, and car wash which

ultimately resulted in water damage to the Hose's property. In addition to reviewing and approving construction plans for the facility, the BCPC had even requested a change in the site plans that had been submitted. *Id.* at 519, 460 S.E.2d at 764. The developer was required to either remove fill dirt that was previously placed on the property or install a drainage pipe in order to change the flow of water from other land owners' property. *Id.* The developer chose to install the drainage pipe. *Id.* The Hoses alleged that the flow of water from the installation of the drainage pipe caused their damages. Notwithstanding the affirmative actions taken by the BCPC, in reviewing, approving and requiring changes to the construction plans, this Court held that the plain language of the statute provided immunity to the BCPC. *Id.* at 523, 460 S.E.2d at 769.

■ Specifically, we held in *Hose* that, Pursuant to W. Va.Code § 29–12A–4(c)(2) (1986) and W. Va.Code § 29–12A5(a)(9) (1986), a political subdivision is immune from liability if a loss or claim results from licensing powers or functions such as the issuance, denial, suspension or revocation of or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authority, regardless of whether such loss or claim is caused by the negligent performance of acts by the political subdivision's employees while acting within the scope of employment.

Syl. Pt. 4, *Hose v. Berkeley County Planning Commission.* Much like the case before us, the Appellants in *Hose* maintained that the BCPC was not immune from tort liability based upon their special relationship with the Planning Commission's agent and employee, and that the employee breached the duty arising from that relationship causing injury to the Appellants' property. *Id.* at 521, 460 S.E.2d at 767. In determining whether the existence of a special duty relationship had any bearing on the immunity afforded under W. Va.Code § 29–12A–5(a)(9), this Court held in Syllabus Point 5 that

W. Va.Code § 29–12A–5(a)(9) clearly contemplates immunity for political subdivisions from tort liability for any loss or claim resulting from licensing powers or functions such as the issuance, denial, suspension or revocation of or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authority, *regardless of the existence of a special duty relationship.*

Syl. Pt. 5, *Hose v. Berkeley County Planning Commission* (emphasis added).

The Town argues that given this clear statement of law by the Court in *Hose,* undertaking discovery in an effort to attempt to support the existence of a special duty relationship would be futile. We agree.

■ This Court has specifically stated that "[t]he ultimate determination of whether qualified or statutory immunity bars a civil action is one of law for the court to determine. Therefore, unless there is a bona fide dispute as to the foundational or historical facts that underlie the immunity determination, the ultimate questions of statutory or qualified immunity are ripe for summary disposition."

Syl. Pt. 1, *Hutchison v. City of Huntington,* 198 W.Va. 139, 479 S.E.2d 649 (1996). Furthermore, this Court has noted that "[i]mmunities under West Virginia law are more than a defense to a suit in that they grant governmental bodies and public officials the right not to be subject to the burden of trial at all. The very heart of the immunity defense is that it spares the defendant from having to go forward with an inquiry into the merits of the case." *Id.* at 148, 479 S.E.2d at 658.

■ In this case, the circuit court denied the Town's motion to dismiss because there had been no discovery conducted in the case. However, the foundational facts for the immunity issues are not in dispute. The Respondents' ability to conduct discovery will not change the outcome of the immunity question. The immunity present herein serves as a bar to suit. Therefore, even if the allegations set forth in the Respondents' Complaint are accurate, we are nevertheless compelled to find that the Town is statutorily immune from suit as set forth in W. Va.Code § 29–12A–5(a)(9) and in keeping with this Court's holding in Syllabus Point 5 of *Hose.* Thus, undertaking discovery in an effort to

support the existence of a special duty relationship is futile.

■ Furthermore, as to the Respondents' claims that the Town was negligent because it failed to take action to correct, or to direct others to correct, the problems caused by the fill activities that took place on the Perry's property even though the Town had received complaints from the Respondents, we find that the Town is entitled to immunity on these claims as well. West Virginia Code § 29–12A–5(a)(10) provides immunity to the Town where a loss or claim results from:

> Inspection powers or functions, including failure to make an inspection, or making an inadequate inspection, of any property, real or personal, to determine whether the property complies with or violates any law or contains a hazard to health or safety.

■ Because we find that the Town is entitled to immunity, we find that the circuit court committed clear error in denying the Town's motion to dismiss. We find that the Town has no other adequate means to obtain the requested and desired relief, and the Town will be damaged or prejudiced in a way that is not correctable on appeal if it is required to defend the merits of a lawsuit in which multiple statutory immunities apply. The issue of the Town's immunity under the West Virginia Governmental Tort Claims and Insurance Reform Act from liability to the Respondents is purely a question of law and is ripe for summary disposition at the circuit court level through a motion to dismiss. The granting of relief to the Town is therefore warranted.

## IV.

## CONCLUSION

Accordingly, for the reasons stated above, we find that the Town is entitled to a writ of prohibition to prohibit the enforcement of the circuit court's April 2, 2012, order denying the Town's motion to dismiss. We therefore vacate the April 2, 2012, ruling of the Circuit Court of Kanawha County denying the Town's motion and order the circuit court to grant the Town's motion to dismiss. We further direct that the mandate of this Court be issued forthwith.

**Writ granted.**