IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2019 Term

_____

No. 18-1012

_____

FILED
**February 27, 2019**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA ex rel. WEST VIRGINIA DEPARTMENT OF
TRANSPORTATION, DIVISION OF HIGHWAYS,
Petitioner

v.

HONORABLE SUSAN B. TUCKER, Judge of the Circuit Court of Monongalia County;
MILEGROUND DEVELOPMENT INDUSTRIES, INC.; FRONTIER WEST
VIRGINIA, INC.; THE CITY OF MORGANTOWN, WEST VIRGINIA; INSITE
MEDIACOM 2, LLC; FIRST COMMUNITY BANK; EAN HOLDINGS, LLC;
WHOLESALE TIRE, INC.; BISON WV, LLC; and SHERIFF/TREASURER OF
MONONGALIA COUNTY,
Respondents

_____

ORIGINAL PROCEEDING IN PROHIBITION

WRIT GRANTED

_____

Submitted:  February 6, 2019
Filed: February 27, 2019

Michael J. Folio, Esq.
Travis S. Haley, Esq.
West Virginia Department of
Transportation, Division of Highways
Charleston, West Virginia
Counsel for Petitioner

Debra A. Bowers, Esq.
Matthew D. Elshiaty, Esq.
KAY CASTO & CHANEY PLLC
Morgantown, West Virginia
Counsel for Respondent
Mileground  Development  Industries
Inc.

James V. Kelsh, Esq.
Michael C. Cardi, Esq.
BOWLES RICE LLP

Morgantown, West Virginia
Counsel for Respondent
The City of Morgantown

Stephen J. Golder, Esq.
JENKINS FENSTERMAKER, PLLC
Huntington, West Virginia
Allison J. Farrell, Esq.
JENKINS FENSTERMAKER, PLLC
Clarksburg, West Virginia
Counsel for Respondent EAN
Holdings, LLC

William J. O'Brien, Esq.
Lauren K. Turner, Esq.
Kylie D. Barnhart, Esq.
STEPTOE & JOHNSON PLLC
Bridgeport, West Virginia
Counsel for Respondent Wholesale
Tire, Inc.

CHIEF JUSTICE WALKER delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1. "A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W. Va. Code 53-1-1." Syllabus Point 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977).

2. "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

3.     "'The question what is a public use is always one of law.' Syllabus Point 2, in part, *Hench v. Pritt*, 62 W. Va. 270, 57 S.E. 808 (1907)." Syllabus Point 2, *Gomez v. Kanawha Cnty. Comm'n*, 237 W. Va. 451, 787 S.E.2d 904 (2016).

4.     "In a condemnation proceeding, the circuit court is charged with determining whether the applicant has a lawful right to take property for the purposes stated in the condemnation petition. The circuit court determines, as a matter of law, whether a property may lawfully be taken. The property may lawfully be taken if the applicant's expressed use of the property is, in fact, a public one, and the condemnation is not impelled by bad faith or arbitrary and capricious motives." Syllabus Point 1, *Gomez v. Kanawha Cnty. Comm'n*, 237 W. Va. 451, 787 S.E.2d 904 (2016).

WALKER, Chief Justice:

The West Virginia Department of Transportation, Division of Highways (DOH) filed petitions in the Circuit Court of Monongalia County to condemn private property for use in expansion of a highly-trafficked road and moved for immediate right of entry and transfer of defeasible title. Although all parties agreed that the condemnation was for a public use, the circuit court held the motion in abeyance in lieu of denial and directed the DOH to go back to its engineers for additional consideration of perceived traffic safety issues and alternative plans so as to minimize the impact on local businesses. The circuit court then set the matter for an evidentiary hearing. The DOH filed a petition for a writ of prohibition arguing that the circuit court exceeded its authority. We agree and grant the DOH's writ of prohibition. The project is indisputably for a public use, and the circuit court exceeded its legitimate authority and committed clear error by hindering the DOH's exercise of its legislatively-granted discretion with respect to planning and engineering the road expansion project.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The DOH filed four petitions in the Circuit Court of Monongalia County to condemn private property for public use in the expansion of approximately 0.8 miles along U.S. 119 (the Mileground) from three lanes to five lanes in an effort to create an express route of egress out of Morgantown to Interstate 68 (Mileground expansion project). A

1

hearing on one of the petitions[1] was held on September 7, 2018, and the DOH and affected businesses operating on the properties to be condemned were heard. The DOH contended, and the affected businesses did not dispute, that the Mileground expansion project was one for public use to promote traffic flow and that a finding of public use was sufficient to grant the DOH right of access. The DOH was prepared to deposit $418,000.00 with the circuit court for its right of entry. At the hearing, the affected businesses expressed their concern that, due to the proximity of the businesses to the road, further negotiations and discussions would be helpful in order to determine accessibility to the businesses or a potential increase in valuation should the businesses need to relocate altogether.

The circuit court expressed similar concern, namely that the Mileground expansion project had an unnecessary impact on local businesses and presented safety concerns that it did not feel had been adequately addressed. As a result, the circuit court twice denied DOH's motion for immediate entry on the record despite counsel for DOH's assertions that the finding of public use was the only inquiry before the circuit court. Ultimately, the circuit court asked counsel for DOH whether it would prefer the circuit court to deny the motion outright or hold it in abeyance pending an evidentiary hearing at

---

[1] Of the four petitions, three of them, Parcels 11, 12, and 15-2, were assigned to the respondent judge. At issue in this case is the petition and hearing on Parcel 15-2. The fourth parcel was assigned to a different judge within the circuit who concluded that the project was for a public use and granted right of entry. Although Petitioner contends that such finding is binding as it relates to all condemnation petitions necessary for the Mileground expansion project, we need not reach that issue in light of the relief granted in this Opinion.

which all parties could discuss alternative plans for the project so as to limit the effect on local businesses and to give the DOH time to sort out the traffic engineering issues perceived by the circuit court. DOH then filed a petition for writ of prohibition with this Court.

## II. STANDARD OF REVIEW

"A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W. Va. Code 53-1-1."[2] In evaluating the propriety of granting such a remedy where it is alleged that the circuit court has acted in excess of its legitimate powers, we have held:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of

---

[2] Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977).

clear error as a matter of law, should be given substantial weight.[3]

With these considerations in mind, we turn to the merits of the underlying petition for writ of prohibition.

## III.    DISCUSSION

As noted by counsel for all parties, the question for the circuit court's resolution at the right of entry hearing was one of law and simply required the court to determine whether or not the project was one for a public use.[4]  This Court dealt with this issue at length in *Gomez v. Kanawha County Commission*,[5] when we held that "[t]he question what is a public use is always one of law."[6]  We noted in *Gomez* that the inquiry is a basic one: "[t]o qualify as a lawful public use is simple: 'The public must have some direct and certain right, or interest in it, or control over it.'"[7]  West Virginia Code § 54-1-2(a) (2016 Repl. Vol.) provides, in relevant part, that private property may be taken or

---

[3] Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d (1996).

[4] The affected businesses filed summary responses to Petitioner's writ of prohibition reiterating that they do not dispute that the project is one for a public use and conceding that they are not in a position to object to the relief requested by DOH in light of the circuit court's limited role in condemnations for public use.

[5] 237 W. Va. 451, 787 S.E.2d 904 (2016).

[6] *Id.* at syl. pt. 2 (quoting Syl. Pt. 2, in part, *Hench v. Pritt*, 62 W. Va. 270, 57 S.E. 808 (1907)).

[7] *Id.* at 460, 787 S.E.2d at 913 (quoting *Pittsburg Hydro-Elec. Co. v. Liston*, 70 W. Va. 83, 88, 73 S.E. 86, 90 (1911)).

damaged for a public use such as "[f]or the construction, maintenance and operation of railroad and traction lines . . . canals, public landings, wharves, bridges, public roads, streets, alleys, parks and other works of internal improvement, for the public use."

As we held in *Gomez*, the state's right of entry to property taken for a public use under these circumstances can only be overcome by a showing of egregious bad faith in the taking:

> In a condemnation proceeding, the circuit court is charged with determining whether the applicant has a lawful right to take property for the purposes stated in the condemnation petition. The circuit court determines, as a matter of law, whether a property may lawfully be taken. The property may lawfully be taken if the applicant's expressed use of the property is, in fact, a public one, and the condemnation is not impelled by bad faith or arbitrary and capricious motives.[8]

And, "[i]n the absence of egregious bad faith, if the use is a public one, the necessity for the designated property is not open to judicial review."[9] In other words, where, as in this case, there are no allegations of bad faith or arbitrary or capricious motives, resolution of the question of public use is the end of the judicial inquiry. We have stated that

> "[w]hen the court has determined that the use for which property is condemned is a public use, its judicial function is

---

[8] *Id.* at syl. pt. 1.

[9] *Id.* at 460, 787 S.E.2d at 913 (quoting *U.S. v. 49.79 Acres of Land, More or Less, Situate in New Castle Cty., State of Del.*, 582 F. Supp. 368, 372 (D. Del. 1983)).

gone and the legislative discretion is unrestrained. Whether the proposed plan will accomplish the end proposed, or to what extent it will be beneficial to the public, are not matters to be determined by the courts; these are matters belonging to the legislative discretion."[10]

Likewise, "'[o]nce the question of the public purpose has been decided, the amount and character of land to be taken for the project and the need for a particular tract to complete the integrated plan rests in the discretion of the legislative branch.'"[11] "Stated differently, '[w]hether it is expedient, appropriate or necessary to provide for a public service of a particular kind or character, is a legislative, not a judicial, question.'"[12]

Counsel for the DOH acknowledged before the circuit court that the property owners had some concerns as to ingress and egress into the actual property, but that those concerns were not at issue in a right-of-entry hearing. Counsel for the business owners agreed. Counsel for EAN Holdings, LLC, clearly articulated its lack of objection to a finding of public use:

> [O]ur concern during the construction and upon completion, is having access into the property, as it is our understanding that once the road is widened, it will essentially eliminate access to the front of the building, because it's situated, you know, fairly close to the road now, and it will be essentially up on the road once the construction is completed. So, we certainly want to preserve all of our rights and defenses to the, you know, the

---

[10] *Id.* (quoting *Charleston Nat. Gas Co. v. Low & Butler, Trustees*, 52 W. Va. 662, 664, 44 S.E. 410, 411 (1901)).

[11] *Id.* at n.28 (citing *Berman v. Parker*, 348 U.S. 26, 35-36 (1954)).

[12] *Id.* at 460, 787 S.E. at 913 (quoting Syl. Pt. 2, *Pittsburg Hydro-Elec. Co.*, 70 W. Va. 83, 73 S.E. 86).

commissioners hearing later on down the road. We don't have any legal objection that this is a public right of way project.

Counsel for Mileground Development Industries, Inc., also stated on the record: "Your Honor is correct about that area and our concerns being the access and being that close to the businesses. As Ms. Farrell said, we don't have legal argument as to this in the public's use. We understand what the Division of Highways is attempting to do here." Likewise, Counsel for Wholesale Tire, Inc., stated on the record: "Your Honor, we agree with Mileground Development. We don't have – we don't contest that this is a public use and a public need. But we would ask that there be a 90 day period before the grant of immediate entry to give our client time to meet with Mr. Tackett or someone else from the DOH." All parties below agreed that the hearing was limited to DOH's motion for immediate entry and that ruling on such motion required only that the circuit court determine whether the project was for public use, which no one disputed. The circuit court, however meaningful its intentions, strayed beyond those limits and into the province of the Legislature by questioning the propriety of the project itself and alternative options for engineering the project.

All parties agreed below, and agree before this Court, that the project is one for public use. The hearing transcript makes it apparent that the additional hearing was aimed at requiring the DOH to convince the project engineers to redesign the project to suit the businesses' concerns and to address safety issues perceived by the circuit court. While those concerns are well-founded, and may need to be addressed through negotiation and

7

discussion with the DOH as to alternative access routes or an increased valuation of the properties, those concerns were not appropriately before the circuit court. Accordingly, the circuit court exceeded its legitimate authority by effectively denying or failing to rule on the only issue properly before it at the right-of-entry hearing, that is, whether the project is for a public use. Because that issue was undisputed below, and is undisputed before this Court, we find that the circuit court clearly erred as a matter of law in failing to grant DOH's motion for immediate entry and should not have held the motion in abeyance pending additional consultation with DOH engineers as to how the project might be modified.

## IV.    CONCLUSION

For these reasons, we grant the writ of prohibition and further direct the circuit court to grant DOH's motion for immediate entry and defeasible title to the subject properties upon DOH's payment into court for the estimated fair value of the property in compliance with West Virginia Code § 54-2-14a.

Writ granted.

8