STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**State of West Virginia ex rel. B.P. and West
Virginia Department of Health and Human
Resources,
Petitioners**

**vs.) No. 20-0974** (Mercer County 18-JA-100-MW)

**The Honorable Mark E. Wills, Judge of the
Circuit Court of Mercer County; and J.C.,
Respondents**

## MEMORANDUM DECISION

Petitioners West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Alexander Walters, and maternal grandmother B.P., by counsel Raeanne Osborne, filed a petition for a writ of prohibition related to respondent's November 20, 2020, order granting respondent father J.C. a post-adjudicatory improvement period.[1] Respondent father J.C., by counsel Bobby Erickson, filed a response in opposition to the request for prohibition. The guardian ad litem, Patricia Beavers, filed a response on behalf of the child, M.F., in opposition to the request for prohibition. Petitioners filed a reply. On appeal, petitioners assert that prohibition relief is appropriate because respondent's award of an improvement period exceeded the circuit court's legitimate power to grant improvement periods outside the timeframes established by the statutes governing abuse and neglect proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court grants the petition for a writ of prohibition. In light of our prior precedent on

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

the dispositive issue presented in this case, we dispose of this matter under Rule 21 of the West Virginia Rules of Appellate Procedure.

On April 10, 2018, the DHHR filed an abuse and neglect petition concerning child M.F. According to the DHHR, the mother used illegal substances while pregnant, resulting in the child's premature birth and complications from drug exposure. As to the father, the DHHR alleged that he had a history of substance abuse and was incarcerated. At the outset, we note that the mother's parental rights to the child were terminated in February of 2020, and she is not, accordingly, involved in the matter currently before the Court. It is also important to note that since the child's release from the hospital in May of 2018, he has lived with his maternal grandmother, intervenor below and co-petitioner on appeal. Because of the drug exposure, the child has substantial medical issues that require extensive therapy.

In June of 2018, the circuit court granted the father a preadjudicatory improvement period and extended the improvement period until October of 2020, at which point he was finally adjudicated. In the interim, the DHHR filed a supplemental petition in May of 2020 alleging that the father was either discharged unsuccessfully or left substance abuse treatment without fully completing the program. As a result, the father was remanded to jail and then entered a new substance abuse treatment program. In the amended petition, the DHHR alleged that the father had done nothing to progress in his efforts to remedy the conditions of abuse and neglect at that point. In October of 2020, the court adjudicated the father in regard to the supplemental petition on the basis of his ongoing issues with substance abuse. However, during the hearing the DHHR acknowledged that the father completed his substance abuse treatment in July of 2020 and fully discharged his parole in August of 2020. The DHHR also acknowledged that it "probably should have adjudicated before" the hearing in October of 2020, but offered no explanation for the delay in obtaining adjudication of the father.

During the hearing, the DHHR and the grandmother both moved to set the matter for a dispositional hearing and to permit the DHHR to file a motion to terminate the father's parental rights. The guardian, however, indicated that termination of the father's parental rights was not appropriate, given his successful completion of substance abuse treatment and his other efforts to achieve stability. Ultimately, the circuit court denied petitioners' motion regarding disposition and, instead, granted the father a post-adjudicatory improvement period. The court's order, however, is incredibly sparse and in regard to the father's improvement period, it sets forth only the following: "The [c]ourt **GRANTS** a post-adjudicatory improvement period due to the [r]espondent father's completion of the drug program. The [r]espondent father is on zero tolerance." The transcript of the adjudicatory hearing similarly reveals a lack of findings in regard to the granting of the improvement period at issue. The circuit court entered the order granting the father a post-adjudicatory improvement period on November 20, 2020, and petitioners thereafter sought prohibition relief from this Court.

A "writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers." W. Va. Code § 53-1-1; *accord* Syl. Pt. 2, in part, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977) ("A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only

2

issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers."). To evaluate whether a lower court has acted in excess of its legitimate powers, we consider the following factors:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996). Finally, while the decision to grant or deny an improvement period is an act within the discretion of the circuit court, "a discretionary act is certainly not immune from the extraordinary remedy of a writ of prohibition." *State ex rel. W. Va. Dep't of Health and Human Res. v. Dyer*, 242 W. Va. 505, 514, 836 S.E.2d 472, 481 (2019). With these principles in mind, we proceed to determine whether a writ of prohibition should issue.

Petitioners argue that the circuit court exceeded its legitimate powers when it granted the father an improvement period well beyond the applicable timeframes set forth in West Virginia Code § 49-4-610.[2] We agree. As set forth above, the circuit court permitted the father's preadjudicatory improvement to continue for approximately twenty-eight months. Such a lengthy preadjudicatory improvement period far exceeds the allotted statutory timeframe, which permits such improvement periods to continue for no longer than three months. W. Va. Code § 49-4-610(1) (permitting circuit courts to grant preadjudicatory improvement periods "not to exceed

---

[2]Petitioners raise a second assignment of error asserting that the father did not establish a substantial change in circumstances sufficient to warrant the granting of a second improvement period. *See* W. Va. Code § 49-4-610(2)(D) (requiring that in order to obtain a post-adjudicatory improvement period after having already received an improvement period, the parent must establish "that since the initial improvement period, the [parent] has experienced a substantial change in circumstances"). It is unnecessary to resolve this issue, however, because even if the father established the necessary substantial change in circumstance, the circuit court still exceeded its legitimate authority in permitting him to proceed under an improvement period in gross excess of the timeframes set forth in West Virginia Code § 49-4-610, as more fully set forth above.

three months"). Additionally, unlike post-adjudicatory improvement periods governed by West Virginia Code § 49-4-610(2) and post-dispositional improvement periods governed by West Virginia Code § 49-4-610(3), preadjudicatory improvement periods cannot be extended. W. Va. Code § 49-4-610(6) (permitting a circuit court to extend "any improvement period granted pursuant to subdivision (2) or (3) of this section for a period not to exceed three months").

We have clearly explained that improvement periods are "regulated, both in their allowance and in their duration, by the West Virginia Legislature, which has assumed the responsibility of implementing guidelines for child abuse and neglect proceedings generally." *In re Emily*, 208 W. Va. 325, 334, 540 S.E.2d 542, 551 (2000). Here, the circuit court not only permitted the father to proceed on a preadjudicatory improvement period for over two years, it then took the additional step of granting him a post-adjudicatory improvement period. This is in direct contradiction to West Virginia Code § 49-4-610(9), which sets forth the following:

> Notwithstanding any other provision of this section, no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits contained in this paragraph.

By the time the circuit court granted the father a post-adjudicatory improvement period, the child had already been in foster care approximately twenty-nine months.[3] By granting the father a

---

[3]We further note the DHHR's failure to comply with its statutory duty to seek termination of the father's parental rights, despite the child's extended placement in foster care. According to West Virginia Code § 49-4-605(a)(1),

> [e]xcept as provided in § 49-4-605(b) of this code, the department shall file or join in a petition or otherwise seek a ruling in any pending proceeding to terminate parental rights: (1) If a child has been in foster care for 15 of the most recent 22 months as determined by the earlier of the date of the first judicial finding that the child is subjected to abuse or neglect or the date which is 60 days after the child is removed from the home.

This statute is clear that the DHHR is required to seek a ruling if a petition is pending and the child has been in foster care for the required time. Other than the DHHR's admission that it "probably should have adjudicated before" the hearing in October of 2020, there is no explanation in the record or in the DHHR's petition to this Court as to why it permitted the child to continue in foster care well in excess of the timeframe in this statute without seeking a ruling. According to the record, the DHHR sought leave to file a motion to terminate the father's parental rights, but it is unclear why it believed that such leave was necessary given the statutory language set forth above. It is also clear that by failing to ensure that the father was adjudicated in a timely manner, the DHHR contributed to the continued delay in the proceedings, given that it could not obtain a dispositional ruling until adjudication was concluded. While the prohibition relief herein is granted because of the circuit court's disregard of the applicable timeframes for

(continued . . . )

4

second improvement period, the court only permitted this gross excess to continue to the child's detriment.

In addressing abuse and neglect proceedings, we have unequivocally explained that

[t]he procedural and substantive requirements of West Virginia Code § 49-4-601 et seq., the Rules of Procedure for Child Abuse and Neglect [Proceedings], and our extensive body of caselaw are not mere guidelines. The requirements contained therein are not simply window dressing for orders which substantively fail to reach the issues and detail the findings and conclusions necessary to substantiate a court's actions. *The time limitations and standards contained therein are mandatory and may not be casually disregarded or enlarged without detailed findings demonstrating exercise of clear-cut statutory authority.*

*In re J.G.*, 240 W. Va. 194, 204, 809 S.E.2d 453, 463 (2018) (emphasis added). Further, in addressing the granting of improvement periods, we have explained that "[o]nly where such an improvement period does not jeopardize a child's best interests should one be granted and *the circuit court's order granting an improvement period should set forth findings demonstrating the lack of prejudice or harm to the child.*" *Dyer*, 242 W. Va. at 507, 836 S.E.2d at 474, Syl. Pt. 3, in part (emphasis added). As set forth above, the court made almost no findings in regard to the granting of the father's post-adjudicatory improvement period, in direct contradiction to West Virginia Code § 49-4-610(9) and this Court's explicit instruction. Further, the lone finding the circuit court made gave no insight into how the child's best interests were served by the father being permitted to participate in yet another improvement period outside the time allowed by statute. Certainly, this lack of findings cannot support the circuit court's duty to find "compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits" for such improvement period. *See* W. Va. Code § 49-4-610(9). As such, it is clear that the court exceeded its legitimate power in the granting of this improvement period and a writ of prohibition is appropriate.

"This Court has not hesitated to grant extraordinary relief when the circuit court has so misapprehended the evidence or law in its allowance of an improvement period such that it has jeopardized a child's well-being, best interests, or right to permanency." *Dyer*, 242 W. Va. at 514, 836 S.E.2d at 481 (citing *State ex rel. J.E.H.G. v. Kaufman*, No. 16-0931, 2017 WL 526398, at *4 (W. Va. Feb. 8, 2017)(memorandum decision); *State ex rel. P. T. v. Wilson*, No. 12-1489, 2013 WL 645815, at *5 (W. Va. Feb. 21, 2013)(memorandum decision)). The Court has also cautioned that the discretion afforded to circuit courts in granting improvement periods "does not serve as a blanket of immunity for the circuit court . . . ." *In re J.G.*, 240 W. Va. 194, 204, 809 S.E.2d 453, 463 (2018).

---

these proceedings, we nonetheless caution the DHHR to ensure that it also complies with the applicable timeframes and mandatory duties imposed upon it by the statutes and rules governing abuse and neglect proceedings.

For the foregoing reasons, we find that the circuit court's granting of a post-adjudicatory improvement period for the father was clearly erroneous as a matter of law. Because the child's best interests do not support further delay in reaching permanency, we grant the requested writ of prohibition and remand this case with instructions to forthwith hold a dispositional hearing to fully resolve the matter. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Writ Granted.

**ISSUED**:  March 16, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton