**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**State of West Virginia ex rel. E.M.,**
**Petitioner**

**v.) No. 24-192**

**The Honorable J.D. Beane, Judge of the Circuit Court of Wood County,**
**The West Virginia Department of Human Services, and I.M., J.M.-1, and J.M.-2,**
**Respondents**


## MEMORANDUM DECISION


Petitioner Father E.M.[1] seeks a writ of prohibition to prevent the Circuit Court of Wood County from proceeding in a child abuse and neglect case over which E.M. asserts the circuit court lacks subject matter jurisdiction.[2] After reviewing this matter, we conclude that Florida is the children's home state and the circuit court does not presently have jurisdiction pursuant to the Uniform Child Custody and Jurisdiction Enforcement Act ("UCCJEA"), West Virginia Code §§ 48-20-101 to 48-20-404. Accordingly, we grant a writ of prohibition, vacate the circuit court's adjudicatory ruling, and remand this case to the circuit court with directions to contact a Florida court to inquire whether that court will decline its jurisdiction. Oral argument is unnecessary, and this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for issuance of a memorandum decision rather than an opinion.

---

[1] We use initials to identify the parties in abuse and neglect cases. *See* W. Va. R. App. P. 40(e). Because two of the children share the same initials, they are designated with numerals.

[2] The underlying abuse and neglect case is Wood County 23-JA-262, -263, and -264. The petitioner appears by counsel Nancy L. McGhee. The DHS appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. The children's guardian ad litem is counsel Michael D. Farnsworth Jr. The children's mother, H.M., has counsel for the underlying abuse and neglect case, but has not entered an appearance in this petition for a writ of prohibition.

Pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services ("DHS"). *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect cases, the agency is the DHS.

## Factual and Procedural Background

In September 2023, in the State of Florida where the family was living at the time, Father E.M and Mother H.M. allegedly engaged in domestic violence in the presence of their children I.M., J.M.-1, and J.M.-2. Florida child welfare officials began an investigation. At the end of September 2023, the family moved to Vienna, Wood County, West Virginia, where the mother rented an apartment.

On the morning of October 3, 2023, the mother's ex-boyfriend was inside the Vienna apartment when E.M. showed up, kicked in the front door, and physically attacked the ex-boyfriend. The children were inside the apartment but were reportedly in a different room. The mother called police who arrested E.M. Because there was evidence indicating that the mother intended to allow E.M. to be around the children, the DHS took emergency custody and filed an abuse and neglect petition against both parents on October 13, 2023. The circuit court ratified the emergency removal of the children, who have been temporarily placed with their maternal grandparents.

During the preliminary hearing on October 31, 2023, E.M.'s lawyer asserted a jurisdictional challenge because the mother and children had moved from Florida to West Virginia just a few days before the October 3 events. E.M.'s counsel argued that Florida was the children's home state pursuant to the UCCJEA, thus a court in the State of Florida—and not in West Virginia—had subject matter jurisdiction. The circuit court deferred its ruling on this challenge.

In November 2023, the circuit court's law clerk exchanged e-mails with an assistant to a judge of the Eight Judicial Circuit in Alachua County, Florida. The law clerk inquired whether there were any pending cases involving these parties, and the assistant responded that there were no active matters in the Alachua County court. The assistant reported that the last court action had been the parents' divorce, which was finalized in August 2022. Subsequently, in an order entered on January 8, 2024, the (Wood County) circuit court ruled as follows:

> Whereupon the Court, having considered the Respondent Father's Motion to Transfer Case to the State of Florida FINDS that, upon consultation with the relevant jurisdiction, no judicial proceeding had previously been instituted in the State of Florida. The Court therefore ORDERS that the petition pending before the Court regarding allegations occurring in Vienna, Wood County, West Virginia shall be litigated before the Wood County Circuit Court.

E.M.'s lawyer raised the issue of subject matter jurisdiction pursuant to the UCCJEA again during the final adjudicatory hearing on January 16, 2024. During this hearing, the mother testified that the children had resided in Florida for the six months prior to October 2023. E.M.'s testimony supported that the children had resided in Florida for at least six months before their recent move to West Virginia. At the conclusion of this hearing, E.M.'s counsel moved to dismiss the abuse and neglect petition for, among other grounds, a lack of subject matter jurisdiction. The circuit

court denied the motion, verbally adjudicated the parents as abusive,[3] and set the case for a dispositional hearing on April 17, 2024. E.M. filed this petition for a writ of prohibition on April 3, 2024, and our Court granted a stay of the circuit court's proceedings pending our resolution of this petition.

## Discussion

The UCCJEA "is a jurisdictional statute, and the requirements of the statute must be met for a court to have the power to adjudicate child custody disputes." Syl. Pt. 6, in part, *Rosen v. Rosen*, 222 W. Va. 402, 664 S.E.2d 743 (2008). Prohibition lies "to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers[.]" Syl. Pt. 1, in part, *Crawford v. Taylor*, 138 W. Va. 207, 75 S.E.2d 370 (1953); *accord* Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977) (recognizing that prohibition lies when trial court lacks jurisdiction). Because jurisdictional issues are questions of law, we apply a de novo standard of review. *State ex rel. Universal Underwriters Ins. Co. v. Wilson*, 239 W. Va. 338, 343, 801 S.E.2d 216, 221 (2017).

The relevant UCCJEA provisions are codified at West Virginia Code § 48-20-201(a) (2001). Except for emergency jurisdiction necessary to protect a child from immediate harm,[4] this statute requires a circuit court to meet one of four jurisdictional bases to preside over a child abuse and neglect case: 1) home state jurisdiction; 2) significant connection jurisdiction; 3) jurisdiction because of declination of jurisdiction; or 4) default jurisdiction. *In re K.R.*, 229 W. Va. 733, 740, 735 S.E.2d 882, 889 (2012).[5] "These jurisdictional bases do not operate alternatively to each other,

---

[3] It is unclear whether the circuit court has entered a written order from the final adjudicatory hearing.

[4] The UCCJEA allows temporary emergency jurisdiction to protect a child from actual or threatened mistreatment or abuse in this state. W. Va. Code §§ 48-20-201(a), -204(a). However, one of the four jurisdictional bases of West Virginia Code § 48-20-201(a) must thereafter be satisfied. *In re Z.H.*, 245 W. Va. 456, 468-69, 859 S.E.2d 399, 411-12 (2021); *In re A.T.-1*, 248 W. Va. 484, 492, 889 S.E.2d 57, 65 (2023).

[5] West Virginia Code § 48-20-201(a) provides:

(a) Except as otherwise provided in section 20-204, a court of this state has jurisdiction to make an initial child custody determination only if:
(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding, and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
(2) A court of another state does not have jurisdiction under subdivision (1) of this subsection, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 20-207 or 20-208, and:

but rather, in order of priority—reaching the next basis of jurisdiction only if the preceding basis does not resolve the jurisdictional issue." *Id*. E.M. does not challenge the emergency temporary removal of his children from the home, and we see no jurisdictional error with respect to the emergency temporary removal. The issue here is whether the circuit court had subject matter jurisdiction to proceed beyond the emergency stage.

The circuit court did not undertake any analysis of the UCCJEA; instead, the circuit court simply ruled that this case would be litigated in Wood County because there was no pending legal action in Florida. However, the question of whether there are any pending court cases in another state is not the correct test for determining subject matter jurisdiction under the UCCJEA. Thus, exercising our de novo review, we will address the potential jurisdictional bases of West Virginia Code § 48-20-201(a) in descending order, beginning with home state jurisdiction under section 201(a)(1).

For purposes of the UCCJEA, "'home state' means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." *Rosen*, 222 W. Va. at 404, 664 S.E.2d at 745, Syl. Pt. 3, in part (quoting W. Va. Code § 48-20-102(g)). Based upon the parents' uncontroverted testimony at the January 16, 2024, adjudicatory hearing, these three children and at least one parent lived in Florida for at least six consecutive months before moving to West Virginia at the end of September 2023. Clearly, the State of Florida was still the children's home state when the abuse and neglect petition was filed in West Virginia on October 13, 2023. Thus, West Virginia does not have home state jurisdiction.

The next potential jurisdictional basis is significant connection jurisdiction. *See* W. Va. Code § 48-20-201(a)(2). Significant connection jurisdiction

> may exist in West Virginia if no court in another state has home state jurisdiction under § 48-20-201(a)(1) or if a court in another state has home state jurisdiction but declines it; the child and parent or parents have a significant connection to West Virginia other than physical presence; and substantial evidence about the child's care, protection, training and relationships is available in West Virginia.

---

(A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

(B) Substantial evidence is available in this state concerning the child's care, protection, training and personal relationships;

(3) All courts having jurisdiction under subdivision (1) or (2) of this subdivision have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 20-207 or 20-208; or

(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2) or (3) of this subsection.

4

*In re Z.H.*, 245 W. Va. at 469, 859 S.E.2d at 412. The record reflects that the mother is originally from West Virginia, and the maternal grandparents continue to reside in West Virginia. The record does not address whether information about the children's care, protection, training, and relationships is available in West Virginia. However, Florida has home state jurisdiction and as explained below, a Florida court has not declined this jurisdiction. Thus, we cannot conclude that the circuit court has significant connection jurisdiction over I.M., J.M.-1, and J.M.-2.

Turning to declination jurisdiction per West Virginia Code § 48-20-201(a)(3), a West Virginia circuit court would have jurisdiction if a court having home state or significant connection jurisdiction has "declined to exercise jurisdiction on the ground that a court" in West Virginia "is the more appropriate forum to determine the custody of the child[ren][.]" *In re Z.H.*, 245 W. Va. at 471, 859 S.E.2d at 414. Both West Virginia and Florida have adopted the UCCJEA's factors for use in determining which forum is more appropriate. *See* W. Va. Code § 48-20-207 and Fla. Stat. Ann. § 61.520 (West 2002). These factors include which forum is more convenient, which state could best protect the children from domestic violence, the length of time the children have resided out of state, the distances between the courts, the nature and location of evidence, etc. *Id.*[6] Notably, "a 'court' of the home state of the child must decline to exercise jurisdiction. This requirement is not satisfied by evidence that some other person or entity in the child's home state declined jurisdiction." Syl. Pt. 4, in part, *In re J.C.*, 242 W. Va. 165, 832 S.E.2d 91 (2019).

In this case, the circuit court's law clerk contacted the specific Florida court that appears to have home state jurisdiction over these children. However, that contact was insufficient to establish declination jurisdiction. The law clerk's inquiry, and the Florida judicial assistant's response, were limited to whether any action was pending in Florida. There was no discussion of whether the Florida court would decline its jurisdiction. Moreover, there is no indication that the assistant was communicating a decision of her court.

Under the UCCJEA's fourth and final potential jurisdictional basis, a West Virginia court could have jurisdiction if no other state has home state, significant connection, or declination jurisdiction. *See* W. Va. Code § 48-20-201(a)(4). This provision is inapplicable because we have already established that Florida has home state jurisdiction over I.M., J.M.-1, and J.M.-2.

Accordingly, we conclude that the circuit court lacked subject matter jurisdiction pursuant to the UCCJEA to make the adjudicatory ruling in this abuse and neglect case, and the circuit court lacks jurisdiction to proceed to disposition. It was error for the circuit court to rule, in its January 8, 2024, order, that it could preside over this case merely because no judicial proceeding had been instituted in Florida. This conclusion is supported by prior opinions of this Court. *See In re A.T.-1*, 248 W. Va. at 493, 889 S.E.2d at 66 (concluding that circuit court lacked jurisdiction to adjudicate because another state had home state jurisdiction, even though home state court later declined its jurisdiction); *In re Z.H.*, 245 W. Va. at 472, 859 S.E.2d at 415 (deeming circuit court's orders in abuse and neglect case to be void and unenforceable where court lacked jurisdiction under UCCJEA); *In re J.C.*, 242 W. Va. at 175, 832 S.E.2d at 101 (concluding that adjudicatory

---

[6] From a review of the appendix record, it appears that both parents have now returned to Florida to live.

and termination orders were void and unenforceable where court lacked jurisdiction under UCCJEA).

## Conclusion

For the foregoing reasons, we grant a writ of prohibition, vacate the circuit court's adjudicatory ruling, and remand this case with directions for the circuit court to immediately contact the Florida court to inquire whether it will decline its home state jurisdiction.[7] If the Florida court does decline, the circuit court will then have declination jurisdiction but must begin this abuse and neglect case anew, starting with the adjudicatory hearing. The Clerk is directed to issue the mandate contemporaneously herewith.[8]

Writ granted; remanded with directions.

**ISSUED:** June 10, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bun

---

[7] Our decision today does not mean that L.M., J.M.-1, and J.M.-2 will immediately be returned to their parents. The evidence is sufficient to conclude that it is in the children's best interests to remain safely in their emergency temporary placement while the jurisdictional issue is resolved. If the Florida court chooses to retain its jurisdiction, the children should be transferred to the custody of Florida child welfare authorities.

[8] In addition to the jurisdictional issue, E.M. argues that it was clear error for the circuit court to find that the facts support the conclusion that he committed child abuse and/or neglect. However, that is a factual question that we decline to address in this prohibition case.

6